————o————

JOSHUA ROBERTS, Respondent, *vs.* H. M. MOSELEY, *et al.*, Appellants.

1. *Trust, acceptance of how established—Trustee—Title as against cestui que trust—Purchase of another's title at judicial sale—Notice—Record—Possession, etc.—* Where under a deed to a trustee for a married woman, his duty was simply to permit her to have the use and occupation of the land, his knowledge of the execution of the deed and his procurement of a copy for his own use, although

he never exercised any control, was held, in the absence of any disclaimer, after the lapse of six years, to amount to an acceptance. And in such a case he cannot acquire title as against his *cestui que trust,* even by purchase at a judicial sale under a title superior to that conveyed to him as a trustee, and his grantee, under the sale with notice, actual or constructive, of the rights of the beneficiary and of her heirs, takes no better title. *Held,* also, that in ejectment by the grantee against the heirs, record of the trust deed imparted to him notice in law, and the facts that he was son-in-law of the trustee and knew that the heirs were in possession, and took the land under a quit-claim deed and for an inadequate consideration, and that the position of his grantor, as trustee, was a matter of public notoriety, were circumstances sufficient to warrant a finding of actual knowledge of defendant's title. And in such suit plaintiff cannot attack their title on the ground of fraud in the conveyance made to the trustees for their benefit.

*Appeal from Newton County Circuit Court.*

*N. H. Dale,* with *H. B. Johnson,* for Appellants, cited: Welch vs. Allen, 21 Wend. 147 ; Nicoll vs. Walworth, 4 Denio, 385 ; *Ex parte* De Kay, 4 Paige Ch. 403 ; Ring vs. McCown, 10 N. Y. 268 ; Roberts vs. Moseby, 51 Mo. 282 ; Baker vs. Nall, 59 Mo. 265 ; Steacy vs. Rice, 27 Penn. St. 75 ; Bush's App. 33 Ib. 85 ; Cloud vs. Calhoun, 10 Rich. [S.C.] Eq. 358 ; Perry Trust. §§ 259–269 ; Tiff. & Bull. Trust. 510–535 ; Iddings vs. Brown, 4 Sand. Ch. 239, 282 ; DeWelt vs. Miller, 10 N. Y. 402 ; Kellogg vs. Wood, 4 Paige Ch. 578 ; Van Epps vs. Van Epps, 9 Paige Ch. 237 ; Slade vs. Van Vechten, 11 Paige Ch. 21 ; Walden vs. Bodley, 14 Pet. 156 ; Freeman vs. Howard, 49 Me. 195 ; Stewart vs. Chadwick, 8 Iowa, 463 ; Jones vs. Shadwick, 41 Ala. 262 ; Webster vs. French, 11 Ill. 254 ; Haythrop vs. Hook, 1 Gill. & John. 270 ; Murray vs. Ballou, 1 John. Ch. 566 ; Shepard vs. McEvers, 4 John. Ch. 136 ; Pinson vs. Toey, 4 Yerg. 296 ; Heth vs. Richmond F. & P. R. R. Co., 4 Gratt. 482 ; 2 Scribn. Dow. § 6 ; Woodson vs. Pool, 19 Mo. 340 ; Bullard vs. Briggs, 7 Pick. 533 ; Godwin vs. Young, 22 Ala. 553 ; Duncan vs. Bryan, 11 Ga. 63 ; State vs. Merrill, 1 Chan. [Wis.] 258 ; Coffee's Admr. vs. Crouch. 28 Mo. 106 ; Smith vs. Walser, 49 Mo. 250 ; 30 Barb. 641 ; Hill. Trust., 259, 830 and note 1 ; Rogers vs. Brown, 61 Mo. 187.

*C. W. Thrasher,* with *J. C. Cravens,* for Respondent, cited: Nickolson vs. Gooch, 85 Eng. C. L. R. p. 1010 ; Hill. Trust. pp.

45, 163, 164 ; Tiff & Bull. Trust. 58, 127, 128, 196 ; Perry vs. Calvert, 22 Mo. 361 ; Knox vs. Hunt, 18 Mo. 174 ; Turner vs. Turner, 44 Mo. 539 ; Price's Heirs vs. Evans, 26 Mo. 30 ; Wineland vs. Coonce, 5 Mo. 296 ; Howe vs. Waysman, 12 Mo. 169 ; Henderson vs. Dickey, 50 Mo. 161 ; Hill. Trust. 224 ; Ayers vs. Weed, 16 Conn. 291 ; Stacey vs. Elpb, 1 Mylne & Keen, 195 ; Thornton vs. Winston, 4 Leigh, 152 ; Marr vs. Peay, 2 Murph. [N. C.] 85 ; Gilman vs. Hovey, 26 Mo. 280, 249 ; Bledsoe vs. Simms, 53 Mo. 305.

HENRY, Judge, delivered the opinion of the court.

This was a suit in ejectment, instituted by respondent against appellants, to recover possession of the following described lots of land in Newton county, to-wit: Lots one, two and three of the south-west quarter of section number six, township twenty-six, range thirty-one. The defendants are the only sons, and only heirs at law, of Ann M. Moseley, deceased. In 1853, Hugh Armstrong owned the land in controversy and conveyed it to George W. Moseley, the husband of Ann M. Moseley. On the same day, Geo. W. Moseley re-conveyed said land to said Hugh Armstrong as trustee, to hold the same " for the sole use and benefit of the said Ann M. Moseley, her heirs and assigns forever, and in further trust that she should have the use and occupation of said land, and take and enjoy the rents and profits of the same, for her sole use and benefit." This and the deed from Hugh Armstrong to George W. Moseley were of the same date, and recorded on that day.

It appears from the evidence that George W. Moseley at the date of this transaction was insolvent, and on an execution issued on a judgment against him in favor of Shapleigh, Day & Co., the sheriff of Newton county levied on the land in controversy, and, in 1854, sold it, as the law directed. At that sale one Chenault became the purchaser, and received a deed therefor from the said sheriff. In October, 1855, he conveyed it by quit-claim deed to one Crouch, who, in October, 1859, conveyed the same, by quit-claim deed to Hugh Armstrong, and plaintiff, Roberts, claims by purchase and conveyance, Armstrong's title.

There was a trial in the circuit court, without the intervention of a jury, which resulted in a judgment for plaintiff, from which defendants have appealed to this court.

The answer of defendants set up, as an equitable defense, that Armstrong was a trustee for their mother, Ann M. Moseley, and that plaintiff had notice, when he purchased from Armstrong, that Armstrong held the land as trustee, under said conveyance from George W. Moseley.

. Plaintiff filed a replication denying each of said allegations, and also denying that Armstrong ever accepted the trust.

Many questions are discussed, in the briefs of counsel, which we deem it unnecessary to consider, in the view we have taken of what we regard as the principal question in the case. The fact that the deed of trust, from Geo. W. Moseley to Armstrong, was executed and recorded on the same day that Armstrong conveyed the property to Moseley; that Armstrong repeatedly declared that the property belonged to Mrs. Moseley; that, after Armstrong's death, a copy of the deed was found among his papers, leaves no doubt that he knew that the deed of trust had been executed, and that he was named as trustee in the deed. Did he accept the office of trustee? He never disclaimed it.

From 1853, the date of said deed, to 1859, the date of the deed from Crouch to himself, with full knowledge of the existence of the deed, not a word of disclaimer does he utter, but, on the contrary, the preponderance of the evidence is to the effect that he was, during that time, claiming and exercising control over the premises. In what capacity? Certainly not as owner in his own right, for he had himself conveyed the land to Geo. W. Moseley in 1853, and his claim, under the deed from Crouch, did not originate until 1859. After a lapse of years the acceptance of the trust may be presumed, even when no act has been done by the trustee to indicate an acceptance. In the case at bar there was no act for the trustee to perform. His duty, under the deed, was simply to permit the beneficiary, Mrs. Moseley, to have the use and occupation of the land, and if he had never exercised any control over the property whatever, the fact that he knew of the execution of the deed and procured a copy for his own use,

would amount to an acceptance, in the absence of a disclaimer, by word or act, after the lapse of six years.

This case was before the court at the January term, 1873, and is reported in 51 Mo. 282, and the opinion of the court by Wagner, J., and the separate opinion of Judge Adams, then delivered, fully sustain the foregoing views. A trustee, who holds the legal title for the use of another, will not be permitted to deal with the property for his own benefit. He cannot purchase an outstanding title, and hold for his own use against his *cestui que trust ;* and it makes no difference in his favor, that he purchased, as in the case at bar, at a judicial sale, under a superior title to that conveyed to him as trustee. (Jewett vs. Miller, 10 N. Y. 402 ; Kellogg vs. Wood, 4 Paige Ch. 579 ; Van Epps vs. Van Epps, 9 Paige Ch. 238.) If the plaintiff had actual or constructive notice of the rights of Mrs. Moseley, under the deed of trust, he stands in the same relation, to her and the property, in which Armstrong, his grantor, stood. Did he have such notice? He had the notice imparted by the record of the deed and this was sufficient, but in addition to this, Mrs. Moseley and the defendants were in actual possession of the land at the date of plaintiff's purchase.

Plaintiff lived in the neighborhood of this land, was the son-in-law of Armstrong, and it was a matter of public notoriety, as some of the witnesses testify, that when Armstrong was " renting out " the land he was acting for Mrs. Moseley.

These facts would have warranted a finding that plaintiff had actual notice of the defendant's title. The consideration paid for the land by Armstrong was $230. It was worth at least $1,500.

He received a quit-claim deed, and executed the same character of deed to the plaintiff. This circumstance, connected with the other well established facts in the case, indicates knowledge on the part of both Armstrong and plaintiff that there was an infirmity in the title which plaintiff acquired.

To permit plaintiff's title to prevail against the *cestui qui trust,* under the circumstances disclosed by the evidence in this case, would be a reproach to a court of equity, and a license to

trustees to speculate in the property confided to them, to the destruction of the interests of the beneficiaries.

We have not overlooked the issue of fraud made by the pleadings, but conceding (not deciding however) that there was fraud in the conveyance from Geo. W. Moseley to Armstrong, the latter could not avail himself of it against Mrs. Moseley or her heirs, to hold the property for himself against them. Creditors could ; and we presume that the execution in favor of Shapleigh, Day & Co. was levied upon the land in that view, and if Chenault or Crouch had held the title he acquired, and sued for the land, he might have attacked the deed from Moseley to Armstrong for fraud. The trustee, if he purchased in good faith to protect the interest of his *cestui que trust*, would probably be permitted to allege the fraud in the deed to himself as trustee, on a settlement of accounts with the beneficiary, on a claim of credit for the money expended by him in the purchase of the land under the circumstances disclosed herein.

His grantee, with notice, a trustee by operation of law, has no other rights than had the trustee named in the deed.

We express no opinion as to whether plaintiff is entitled, in this case, to the amount of purchase money paid by Armstrong, or by himself, if the amount he paid was less than the amount paid by Armstrong, with interest. It is conceded by Mr. Johnson of counsel for defendants that he has.

The judgment, therefore, will be reversed and remanded with directions to enter a decree vesting in the defendants any title plaintiff may have acquired under the deed from Armstrong to him, and that plaintiff be allowed the amount actually paid by him to Armstrong for the land, unless it exceed the amount paid by Armstrong to Crouch for the land, in which event plaintiff will be allowed that amount with interest from the date of payment at the rate of six per cent. per annum, and that this be made a charge and lien upon the land. The other judges concur, except Sherwood, C. J., who is absent.