Lydia A. Clark

v.

Henry M. Denton et al.

A testator appointed " my beloved wife, Lydia Ann Clark, executrix, and my friends, William A. Lewis and ——— ———, both of Jersey City aforesaid, executors of this my last will and testament, to which said executrix and executors, the survivors and survivor of them, I commit the proper administration of my estate, the execution of the powers and the discharge of the duties herein imposed." He also gave them a general power to sell any part of his real estate ; appointed his wife one of two designated trustees for certain beneficiaries therein named, under bequests which were imperfect, and made other imperfect bequests. On April 16th, 1881, Mrs. Clark resigned as executrix and was discharged by the orphans court. On April 27th, 1881, Lewis sold part of the lands, and some of the lots were bought by Mrs. Clark. —Held, that the power of sale was absolute and for conversion independently of the trusts ; that by the discharge of Mrs. Clark as executrix, the power of sale, by statute, devolved on Lewis, and that she had a right to buy at the sale, and her title was not affected by her retaining her trusteeship, nor by the incomplete bequests ; and she having sold part of those lots to the defendants, the court compelled them to accept a deed therefor, on a bill for specific performance.

Bill for specific performance. On final hearing on pleadings and proofs.

*Messrs. Collins & Corbin,* for complainant.

*Messrs. Vredenburgh & Garretson,* for defendants.

The Chancellor.

This suit was brought to enforce the specific performance of an agreement made February 1st, 1882, between the complain-

ant and the defendants, by which the former agreed to sell and
convey to the latter, for the consideration of $9,000, four lots in
Jersey City, part of the real estate conveyed to the complainant
by William A. Lewis, executor of her late husband, Hosea T.
Clark, deceased, by deed dated April 30th, 1881, and duly
recorded. Of the price to be paid by the defendants $100 were
to be, and were in fact paid at the execution of the agreement,.
and the balance was to be paid on the 1st day of May, 1882,.
with interest at six per cent. per annum from the 1st day of
March in that year. The complainant reserved the right to
remove off the land any buildings which were thereon at the
time of the sale, and the defendants were to have the right to
enter on the property on the 1st of March, 1882, and thence
forward possess it and tear down any buildings on it, and build
on it themselves. The deed, which was to be with full cove-
nants and general warranty, was to be delivered on the 1st of
May, when the $8,900 (and the interest thereon) were to be paid.

The defendants have built on the property. They refuse to
accept the deed for it from Mrs. Clark, on the ground that she
cannot thereby give to them a good marketable title. Her title
comes from the estate of her deceased husband, one of whose
executors she was, and she bought the land in question with
other land at a public sale held by Mr. Lewis, as executor, April

---

Note.—A trustee or executor cannot buy the trust property at a public
sale made by a sheriff, master or other officer, *Staats* v. *Bergen,* 2 C. E. Gr.
297, 554; Callis v. Ridout, 7 Gill & Johns. 1; Bell v. Webb, 2 Gill 163; Spind-
ler v. Atkinson, 3 Md. 409; Conger v. Ring, 11 Barb. 356; Van Epps v. Van
Epps, 9 Paige 237; Beeson v. Beeson, 9 Pa. St. 279; Roberts v. Moseley, 64
Mo. 507; Forbes v. Halsey, 26 N. Y. 53; Rogers v. Rogers, Hopk. 515, 3 Wend.
503; Martin v. Wynkoop, 12 Ind. 266; Campbell v. Johnson, 1 Sandf. 148;
Jewett v. Miller, 10 N. Y. 402; Campbell v. Penna. Ins. Co., 2 Whart. 53; or at
an auction, Sanderson v. Walker, 13 Ves. 601; Lawrence v. Glasworthy, 3 Jur.
(N. S.) 1049; Michoud v. Girod, 4 How. (U. S.) 503; Davoue v. Fanning, 2
Johns. Ch. 252; Bellamy v. Bellamy, 6 Fla. 62; Piatt v. Longworth, 27 Ohio-
St. 159; Elliott v. Pool, 3 Jones Eq. 17; Hoitt v. Webb, 36 N. H. 158; Glover
v. Ames, 8 Fed. Rep. 351.

But a guardian *ad litem* and an administrator have been held not to be
within the rule, *Jackson* v. *Woolsey,* 11 Johns. 446; Meanor v. Hamilton, 27
Pa. St. 137; Roberts v. Roberts, 65 N. C. 27; Prevost v. Gratz, Pet. C. C. 364;
Fisk v. Sarber, 6 W. & S. 18; Earl v. Halsey, 1 McCart. 332; Mulford v..

Clark *v.* Denton.

27th, 1881.  He, at the time of the sale, was sole executor; she having been discharged by the orphans court, of Hudson county, on the 16th day of April, from further performance of the duties of her office as executrix, and as executrix, except accounting for and paying over the money or assets received by her by virtue of her office.  She was, therefore, not executrix at the time of the sale.  The section of the will by which she and Mr. Lewis were appointed executors, is as follows:

"I hereby nominate, constitute and appoint my beloved wife, Lydia Ann Clark, executrix, and my friends, William A. Lewis and ——— ———, both of Jersey City aforesaid, executors of this my last will and testament, to which said executrix and executors, the survivors and survivor of them, I commit the proper administration of my estate, the execution of the powers and the discharge of the duties herein imposed."

The testator then gives to his wife his homestead and the plot of ground connected therewith, in fee, and his household furniture and household effects, paintings and library, horses and carriages, and his barn and stable and the improvements on the land connected with the homestead, also another house and lot in fee, and his interest in the unsettled estate of a certain business firm.  He then gives a house and plot of land to a church, with a limitation over in a certain event, and proceeds as follows:

*Minch, 3 Stock. 16; Rickey* v. *Hillman, 2 Hal. 180; Britton* v. *Lewis, 8 Rich. Eq. 271; Johns* v. *Norris, 7 C. E. Gr. 102, 12 C. E. Gr. 485.*

If the relation of trustee and *cestui que trust* has terminated, the former may buy lands previously included in the trust, *James* v. *James, 55 Ala. 525; Munn* v. *Burges, 70 Ill. 604; Bush* v. *Sherman, 80 Ill. 160; Wortman* v. *Skinner, 1 Beas. 358; Beckett* v. *Tyler, 3 McArth. 319; Ex parte Lacey, 6 Ves. 625; Ex parte Bennett, 10 Ves. 393;* see *Bellamy* v. *Bellamy, 6 Fla. 62, 110, 126; Eldridge* v. *Smith, 34 Vt. 484; Knight* v. *Majoribanks, 2 Macn. & G. 10; Roberts* v. *Moseley, 64 Mo. 507.*

A trustee cannot, by any act of his own, without communicating with his *cestui que trust,* divest himself of the character of trustee till he has performed his trust, *Chalmer* v. *Bradley, 1 J. & W. 51, 68; Johnson* v. *Johnson, 5 Ala. 90, 98; Merrill* v. *Farmers Loan and Trust Co., 24 Hun 297.*

In *Mackintosh* v. *Barber, 1 Bing. 50,* a testator devised lands to be sold by his six executors, whom he named, and the proceeds to be held by them on certain trusts.  A purchase of part of the lands by one executor, who never proved the will, but renounced, was deemed valid.

Clark *v.* Denton.   ·

"All the rest and residue of my houses and lands and real estate remaining. and not hereinbefore particularly devised, whatsoever and wheresoever situate and being, I hereby authorize, empower and direct my said executrix and executors, the survivors and survivor of them, within one year after my decease, or within such further time as they may deem advantageous and to the best interest of my estate, to bargain and sell, either at public or·private sale, as they may deem best, to any person or persons and for such price and prices. and on such terms as they may think proper, hereby authorizing them to receive in part payment at such sale or sales part-consideration mortgages on such liberal terms as they may deem prudent and advantageous to my estate,. and for all the said houses and lands and real estate so to be sold, when sold as aforesaid, I hereby empower my said executrix and executors, the survivors and survivor of them, to make, execute and give to the purchasers. thereof respectively, good and sufficient deeds in the law for the transfer, thereof."

He then instructs his executrix and executors, and the survivors, and survivor of them, to pay over in quarterly installments one-sixth of the rents arising from any houses and lands and real estate which he had directed to be sold from the time of his death to the. time of such sale and conveyance, after paying thereout all taxes,. assessments, repairs and interest on mortgage encumbrances, if any, to each of five persons whom he names, his wife and his two daughters, and their husbands, and the other sixth to his wife for the education of his grandchildren.   He then, after a recom-

In *Stacey* v. *Elph, 1 Myl. & K. 195,* a person named as executor and trustee under a will did not formally renounce probate until after the death of the acting executrix, nor did he ever disclaim by deed the trust of the real estate,. but purchased a part of it and took a deed therefor from the widow, who was tenant for life, and from the heir, to whom the estate must have descended upon a disclaimer of the trust.   During the life of the acting executrix, however, he interfered in the disposition of the testator's property as her friend or agent.— *Held,* that the sale to him was valid.

In *Spring* v. *Pride, 10 Jur. (N. S.) 646,* a husband, who was trustee for his wife, resigned in order that he might buy part of the trust property, and a successor was appointed, who shortly thereafter sold it to him.—*Held,* that the sale was void.

In *Ex parte James, 8 Ves. 337,* a purchase by the solicitor of a bankrupt commission was set aside, and the lord chancellor would not permit him to bid at the resale, although he offered to give up the position of solicitor.   See, also, *Weeks on Attys. § 273; Rorer on Jud. Sales, chap. VII.; Newcomb* v. *Brooks, 16 W. Va. 32; White* v. *Iselin, 26 Minn. 487; Morgan* v. *Wattles, 69 Ind. 260; Jenkins* v. *Pierce, 98 Ill. 646.*—REP.

Clark *v.* Denton.

mendation as to the collection of the rents, instructs and directs his executrix and executors, the survivors and survivor of them, to pay all his debts, including bonds and mortgages, as soon as convenient and practicable, out of any money or mortgages in the hands of his executrix and executors not thereinbefore particularly bequeathed, and also out of and with the proceeds of sale of houses and lands thereinbefore provided for, and to assign mortgages in payment of his debts when convenient and advantageous to do so. Then follow imperfect pecuniary bequests to his wife and others of                thousand dollars each; one to another person of                dollars, and some complete bequests of notes and a balance due him on a settlement. He then proceeds as follows :

"I nominate, constitute and appoint my said wife, Lydia Ann Clark, and my said friends                and                the survivors and survivor of them, trustees and trustee under this my will, for the purposes and discharge of the duties and trusts hereinafter created and imposed."

And after providing that the trustees shall not be required to give security, and expressing his entire confidence in them, he directs them to invest and keep invested in the securities he designates, the sums of money he thereinafter mentions, until such time as they shall be wholly distributed as thereinafter provided. He then directs that there be set aside out of his estate not thereinbefore bequeathed, to be by his trustees so invested, the sum of                thousand dollars for each of his two daughters and their respective children. He finally gives all the rest and residue of his estate not thereinbefore devised, bequeathed, or set apart, to be invested as thereinbefore directed and then remaining undisposed of, under any previous provision of his will, to his wife and two daughters in equal shares.

The question to be decided is whether the complainant's deed will pass a valid marketable title to the land mentioned in the agreement, whether the deed from the executor to her gives her a good legal title, and that title is not subject to any trust under the will. The will gives to the executors an absolute power of sale, not a power for any particular purpose, but a general power.

Clark *v.* Denton.

The testator evidently intended that all his real estate should be converted. His direction on the subject is positive and absolute. This is not disputed; it is admitted by the answer. The question here is not as it was in *Brearley* v. *Brearley, 1 Stock. 21,* cited by defendant's counsel, whether the power is not limited to conversion for certain purposes only; for here it is undeniable that the testator intended an absolute conversion of the estate for, among other purposes, the payment of his debts generally. By the will the executors are directed to pay the testator's debts and indebtedness of every description, including bonds and mortgages he may owe on his estate, out of any money or mortgages in their hands not thereinbefore particularly bequeathed, and also out of the proceeds of the sale of the real estate. That the executor, therefore, had power to sell, and that it was his duty to do so, is clear. It is urged, however, that the power is to the executrix and executors (while only one executor is appointed), and the survivors and survivor of them, and it is agreed that the testator meant to give the power in the first instance to three and not to two only, and the survivors and survivor, and that if it should be held that he gave the power to those whom he named, and his wife resigned her executorship, the power could not be executed by Mr. Lewis, for he is not the survivor. The testator named but two persons as executors, his wife and Mr. Lewis, and he appointed but those two. The fact that it would seem that before he executed the will he contemplated naming another executor, is of no importance; he, in fact, appointed only two. The complainant, as before stated, was duly discharged from her office of executor before the sale. By the act of 1879, it is provided that where an executor resigns his executorship, the trust to sell or power of sale shall vest in the remaining executor or executors, unless otherwise provided in the will. *P. L. of 1879 p. 56.* This act is applicable to the case in hand. It was passed before the sale. An executor who, on his own application, obtains his discharge from a court of competent jurisdiction, must be regarded as thus resigning his office. But by the act of March 17th, 1881 (also passed before the sale), the provision is in terms extended to cases where the executor is discharged from

office by a court of competent jurisdiction. *P. L. of 1881 p. 125.*
The complainant obviously had a right to resign her office in
view of her personal interest in the sale which was about to take
place, and having been discharged from her office, had a right to
purchase at the sale. The sale was an actual one, and a fair one.
There is no evidence of any fraud or evil practice about it.
That the persons interested in it agreed among themselves as to
the prices which they would bid, so as to prevent sacrifice, mani-
festly constitutes no objection to it; and, it may be remarked,
the executor was not a party to the agreement. The sale was
open and public, and actually to the highest bidder. But it is
urged that the complainant, though discharged from her office
of executrix, still held, as she yet does, that of trustee, and that
the trusteeship was in reference to the funds, or some part there-
of, derived from the sale of the real estate; and it is agreed
that her buying at the sale was inconsistent with her duty as
such trustee. It is enough on this head to say that the sale was
in no sense hers.

No express trust is created by the will in the executors, as such,
as to any part of the estate, except the rents before sale. For
the trusts for his daughters, the testator makes a separate ap-
pointment of trustees, whom he charges with the trusts accord-
ingly. It is urged by defendants' counsel that the fact that
certain bequests are, as before stated, incomplete, may affect the
power of sale, and that they show that the testator's design, so far
as they are concerned, was not carried out. But in the first place,
the power of sale, as has already been said, is not dependent on
those bequests in any way. It precedes them in the will and con-
tains no reference to them, and it is evident that the intention
of the testator in giving it was to cause an absolute conversion
of his estate. In the next place, the bequests contained the
blanks when he executed the will, and he therefore is presumed
to have intended that they should be incomplete. Nor can the
proposition of defendants' counsel, that the testator died intestate
of the property in question, be maintained. He died intestate
of no part of his estate. The residuary gift is of all his estate
not thereinbefore specifically devised, bequeathed or set apart to

be invested as thereinbefore mentioned, and remaining undisposed of under any previous provision of the will. If the trusts in favor of his daughters are void (for imperfectness), then nothing is set apart by those bequests, and all that is not specifically given passes by the residuary clause. The view I take of the subject renders that question of no importance in this case; for if the executor had the power of sale the title of the complainant is good. And here it may be added that the two daughters are before this court testifying in this cause on behalf of the complainant that they are satisfied with the sale of the property to the complainant, and disclaiming all claims on or to it, and all interest therein. There should be a decree requiring the defendants specifically to perform their contract, and it should be with costs.