Wheeler and Green *v.* Kirtland.

WHEELER and GREEN, appellants, and KIRTLAND and others, respondents.

KIRTLAND'S ADMINISTRATRIX, appellant, and KIRTLAND and others, respondents.

1. C. K. withdrew from the firm of Kirtland & Co., composed of C. and her son G., January, 1864, at which date the firm was insolvent. Her husband took her place in the firm, and in the following November, the husband and son being then insolvent, the husband executed to a trustee a mortgage to secure to C. the money which she had put in the firm of Kirtland & Co., as her share of the capital. This mortgage is void as against creditors of Kirtland & Co. At the time the husband joined the firm, there was no agreement to pay C. anything for her interest in the firm, and as it was worth nothing, no promise to pay will be implied. The mortgage is valid so far as it secures the funds of the minor, J. T. K., which had been used by the firm.

2. The mortgage was given to the trustee and "his successors," instead of "his heirs," and therefore carries only a life estate.

3. An equitable mortgage for a precedent debt has no equity superior to that of a valid subsequent judgment at law. Between such contestants, the first perfected legal lien should prevail. The rule is otherwise with regard to bona fide purchasers or equitable mortgagees, where the consideration of the mortgage is paid at the time it is given Equity, in the latter case, regards the equitable mortgagee as a bona fide purchaser.

4. The judgment of G. W. K. against J. and G. K., who were insolvent at the time of its rendition, so far as it includes the debt of the firm of C. and G. K., should be postponed to the judgment of W. and G.

The opinion of the Chancellor is reported in 8 *C. E. Green* 16.

*Mr. Williamson*, for Wheeler and Green.

*Mr. C. Parker*, for the Kirtlands.

The opinion of the court was delivered by

VAN SCYKEL, J.

The cross-appeals in these cases were argued and will be considered together.

It is a struggle between creditors for priority of payment of their several claims out of the estate of John Kirtland.

The conflicting claims are as follows:

1. A mortgage on real estate in Essex county, for $4000, dated July 1st, 1856, executed by John Kirtland to George W. Kirtland, his brother.

2. A mortgage on the same lands, for $7500, dated November 23d, 1864, by John Kirtland to George W. Kirtland as trustee for Catharine Kirtland, the wife of John, and for Jared T. Kirtland, a minor.

3. A judgment for $16,695, recovered in the Essex Circuit Court, February 13th, 1865, by George W. Kirtland against John Kirtland and his son George Kirtland.

4. A judgment recovered by Andrew Henderson in the Essex Circuit Court, April 11th, 1865, for $8378, against the same defendants.

5. A judgment recovered by Wheeler and Green in the Supreme Court of this state, against said John and his son George, on the 16th day of December, 1869, for $68,246.

Wheeler and Green attack the bona fides of the $4000 mortgage, and the judgment of George W. Kirtland. The evidence shows circumstances of strong suspicion against them, but the fraud is not proven with sufficient clearness to justify this court in setting them aside.

In 1862, Catharine Kirtland and her son George formed a partnership for the transaction of the business of brokers,

under the firm name of Kirtland & Co., into which Catharine put a capital of about $5000, and George about $250. They conducted the business until January 1st, 1864, when Catharine retired, and John, her husband, took her place in the firm, the name of which remained unchanged.

At the time Catharine withdrew from the firm, Kirtland & Co. were manifestly insolvent. At that time John did not agree to pay her anything for her interest in the firm, and no promise will be implied, as it was worth nothing. All that she had in the business belonged to the creditors.

On the 23d of November, 1864, prior to which time the debt of Wheeler and Green had been contracted, John Kirtland executed the $7500 mortgage to George W. Kirtland as trustee, to secure to Catharine the sum which she had put in the firm, and to the minor, Jared T. Kirtland, the sum of $1500 of his funds, which had also been used in the same way. At the last mentioned date, John and his son George were insolvent, and they had no right to divert from their creditors any part of their assets and apply them to the payment of a claim for which neither of them was in anywise responsible. This mortgage, so far as it secured or attempted to secure the claim of Catharine, was purely voluntary, and therefore void as against creditors, but it is valid so far as it prefers the debt to Jared T. Kirtland. That was a just debt for money of the minor used by John in the transactions of the firm, and must, therefore, maintain its standing according to the date of the execution of the security. This mortgage is given to George W. Kirtland, trustee, and " his successors" instead of " his heirs," which the Kirtlands allege is a mistake, and they seek to have it reformed by substituting the word " heirs" for " successors." There is no evidence in the cause to show that there was any agreement that the fee should be conveyed, and the mortgage as it stands without the word " heirs," carries only the life estate. It is unnecessary, therefore, to discuss how far mortgages may be reformed or equitable liens established, as against creditors. There is no parol agreement which could be enforced under any view

of the law. Where the equities are equal, the maxim is, "*prior est in tempore, potior est in jure.*"

An equitable mortgage for a precedent debt has no equity superior to that of a valid subsequent judgment at law. Between such contestants, the first perfected legal lien should prevail. The rule is otherwise with regard to bona fide purchasers or equitable mortgagees, where the consideration of the mortgage is paid at the time it is given. Equity in the latter case regards the equitable mortgagee as a bona fide purchaser.

The entire indebtedness to Wheeler and Green accrued between July, 1864, and the following 10th of November. In the judgment of George W. Kirtland, is included a $5000 note, given to him by Kirtland & Co. while Catharine was a member of that firm. On the 6th of February, 1865, a few days prior to the confession of this judgment, John Kirtland and George Kirtland, being then insolvent, took up this note, and gave for it, together with their own indebtedness to George W., a note for $16,695, upon which judgment was entered February 13th, 1865. John Kirtland and George Kirtland being insolvent, had no right, as against their creditors, to assume the debts of other parties. The judgment of George W. Kirtland, so far as it includes the debt of the prior firm, should be postponed to the judgment of Wheeler and Green.

It is alleged that no execution has been issued upon the judgment of Andrew Henderson, and if this is true, it loses its priority over the judgment upon which execution has been issued, and levy thereunder made. The fact will be ascertained in the court below by reference to a master.

The result is, that the following order of priority should be decreed :

1. The $4000 mortgage to George W. Kirtland.

2. The mortgage of the life estate to George W. Kirtland, trustee, so far as it secures the claim of Jared T. Kirtland.

3. The judgment of George W. Kirtland, except so far as it secures the payment of the note given by Catharine Kirt-

land and George Kirtland, under the name of Kirtland & Co.; to that extent it must be postponed to Wheeler and Green's claim.

4. The judgment of Wheeler and Green.

The amount, if anything, due to Henderson, and his place, must be settled in the court below, upon the facts being ascertained. The decree appealed from, directs that Henderson have liberty to prove his judgment and assert his priority, if so disposed.

In my opinion, therefore, the case should be remitted, and the decree of the Chancellor modified, so as to conform to the views I have expressed.

The whole court concurred.