DAVID M. TODD, executor of the will of Christopher Tiger, deceased, appellant,

*v.*

MARY ANN WORTMAN, respondent.

Where a testator directed his exectors to sell his real and personal estate as soon as it could conveniently be done for the best interest of the estate, and made no devise of the lands pending such sale—*Held*, that, until the power of sale was exercised by the executors, the legal title to the lands descended to and vested in the testator's heirs at law, and that they were entitled to the rents and profits while such title was vested in them.

On appeal from a decree of the Somerset county orphans court.

*Mr. John Schomp,* for the appellant.

*Mr. George V. Vanderveer,* for the respondent.

THE ORDINARY.

Several exceptions to the account of the appellant, as executor of the will of Christopher Tiger, raise the single question whether he should be charged with the rents and profits and allowed for the expenses of the testator's real estate between the testator's death and the sale of that property under a direction for its sale in the will.

The first paragraph of the will is as follows :

"*First.* It is my will and I do order and direct my hereinafter-named executors to sell and dispose of all my property be the same real, personal or mixed, except what is hereinafter given away by this my last will and testament, at public vendue, as soon as it can conveniently be done for the best interest of my estate after my decease, and I do hereby empower them to give as good and perfect title or titles for my land and real estate as I myself could do when living."

By the second and third paragraphs of the will direction is given that the testator's debts and funeral expenses be paid, and that a monument be erected at his grave, and specific personal property and $200 in money are bequeathed to the widow of the testator in lieu of dower. The fourth paragraph is in the following language :

"*Fourth.* After the payment of my just debts and other expenses attending the settling of the same and the legacies and bequests to my wife, I give and bequeath to my hereinafter named executors one-third of the balance of my estate to be held by them in trust for the benefit of my wife the same to be put at interest on bond and mortgage, they to collect the interest and pay the same to her yearly during her life."

By the fifth paragraph $400 is given to the testator's son Philip.

Then the sixth paragraph of the will provides as follows :

"*Sixth.* All the rest, residue and balance of my estate, consist of what it may, after deducting the aforesaid legacies and bequests given to my wife and to my executors to be held in trust for my wife, and my son Philip C. Tiger, I do hereby order and direct that the same be divided equally between my son Philip C. Tiger, and my executors to be held in trust for my daughter Mary Ann Wortman wife of John Wortman ; it is my will and I do order and direct my hereinafter named executors to pay to my son Philip his share as soon as the estate is settled and the balance ascertained."

By the seventh paragraph the executors are required to put "at interest the share bequeathed to them in trust" for Mrs. Wortman, and by the eighth paragraph ultimate disposition is made of "the money bequeathed" to the executors in trust for the testator's widow.

No other parts of the will bear on the question in this case.

The testator's scheme is very plain. He intended that his real and personal estate, except that which he specifically gave to his wife, should be converted into money. Out of such money his debts, the cost of the monument at his grave, the expenses of settling his estate and a small pecuniary bequest to his wife, were to be paid. Then one-third of the balance was to be invested for his widow. Out of the remaining two-thirds, $400 were to be paid to his son, and the balance of the two-thirds was to be divided into two equal parts, and one part paid to the son and the other part invested and held in trust for the daughter. Every disposition of property was by words apt to transfer personalty and appropriate to describe it. He "gave" and "bequeathed" one-third in trust for his wife, "to be put at interest on bond and mortgage." Of the residue, which was to be divided between the son and daughter, one share the executors were "to pay" to the son, and they were "to put at interest the share bequeathed to them in trust for the daughter." Nothing in the will indicates that the testator intended his executors to take any estate in his lands. The provisions and scheme of the will are not of such a character as to render it necessary that the executors should take such an estate. They took merely a naked power of sale to be executed, not immediately, but as soon as the executors' convenience and the welfare of the estate would admit. No disposition was made of the rents and profits of the land pending such sale. Until the sale was made the legal title descended to the heirs at law as tenants in common, and they were entitled to the rents and profits. *Herbert* v. *Tuthill, Sax. 141, 147; Gest* v. *Flock, 1 Gr. Ch. 108, 113; Den* v. *Snowhill, 3 Zab. 447, 455; Fluke* v. *Fluke, 1 C. E. Gr. 478, 480; Romaine* v. *Hendrickson, 9 C. E. Gr. 231, 237; Moores* v. *Moores, 12 Vr. 440, 444.*

The decree of the orphans court will be affirmed.