KATIE O'DONNELL CRONAN, executrix, &c.,

*v.*

MAURICE COLL et al.

[Decided May 31st, 1905.]

The devisees of the residue of real estate, which is devised subject to a power of sale by the executor, can defeat the exercise of the power by an election to take the land only when all the devisees join in the election, and express such election before sale by the executor.

On bill, &c.

*Mr. Irwin A. Schultz,* for the complainant.

*Messrs. Smith & Brady,* for the defendants Frank and Edward J. Albus.

*Mr. John I. Blair Reiley,* for the defendants Maurice Coll and Nancy McCole.

BERGEN, V. C.

The complainant, as executrix of Anthony Coll, deceased, sold at public auction the real estate of the deceased to the defendants Frank and Edward J. Albus, who refuse to comply with their written contract of purchase upon the ground of want of power in the executrix to make a lawful conveyance. The bill of complaint seeks the specific performance of the contract as to defendants named, and also as to the defendants

Maurice Coll and Nancy McCole, relief of so different a nature as to render the bill unmistakably multifarious, and as to the last-named defendants it must be dismissed, and is only retained as to the defendants Albus because they waived any advantage and desired that, as to them, the bill be held and the issue raised disposed of.

The complainant grounds her power of sale upon the following paragraphs of the will of Anthony Coll, viz.:

"*Fifth.* I bequeath all my personal property and real estate wherever situate unto Maurice Coll, Nancy McCole, Katie O'Donnell, share and share alike.

"*Sixth.* I hereby appoint my friend, Katie O'Donnell, executor of this my last will and testament, with power to sell all my real estate herein devised, and execute a deed or deeds therefor, and to do all other lawful things to carry out this my last will and testament."

After the sale and contract for its performance had been made, Maurice Coll and Nancy McCole objected to the further carrying out of the sale, upon the ground that they were the owners in common with the executrix of the land and were opposed to its sale by the executrix, denying her power to lawfully sell and convey it. No objection is made to the prices obtained; the opposition is rested entirely upon their right to take the land by election and the resulting want of power in the executrix to convey. This objection being made known to the purchasers they refused to comply, urging as an excuse the absence of power to convey a merchantable title. In my judgment the objection is not well taken, nor is there sufficient doubt raised to require the court to withhold a decree for specific performance. The bequest was of the whole of testator's estate to the three legatees in equal shares; it included all personal and real estate remaining after providing for payment of debts and special legacies, and was in effect a gift of the residue, which, so far as the personal portion was concerned, the executrix would of necessity have to divide between them.

The will contains an express power of sale as to all the "real estate herein devised," and the devisees took subject to such power, which might perhaps have become ineffective if before its exercise they had elected to take the property; but a power of

sale will not be defeated by an election to take the subject of the devise exercised by less than the whole number of persons interested in it; all must concur (*Bolton* v. *Stretch, 30 N. J. Eq. (3 Stew.) 536, 538*), and that all have concurred here is not pretended. In addition to this the election must be exercised before the sale. These two devisees admit that they made no election prior to the sale, and in their answer deny that after the sale of the said lands and premises aforesaid by the complainant, and before the date of the delivery of the deed, protested the action of the complainant in making sale of said real estate, and they deny that they challenged the right of the said complainant to exercise the power of sale provided in item six of said will, but they now insist that she did not have any right to sell the real estate. The power of sale, although only a naked one, was ample if exercised previous to any lawful election; it was so exercised, and the opposition to it comes too late.

The complainant is entitled to a decree for specific performance against Frank and Edward H. Albus, with costs, and the bill will be dismissed as to Maurice Coll and Nancy McCole, but without costs.