Amelia Tierney died February 1st, 1927, leaving a will duly admitted to probate. By the first clause she directed the payment of her funeral expenses; by the second and third clauses she bequeathed $10,000 to Joseph Molen and $1,000 to Billy Blair; by the fourth clause she provided as follows:
"I direct that my real property located at 143 Manhattan avenue, Jersey City, N.J., be sold by my executors and the proceeds of such *Page 179 
sale be distributed share and share alike to Mrs. Brengel, Lottie Linders, Fred Linders, Irma Linders and Robert Linders, the above bequests to Joseph Molen and Billy Blair, however, to be paid before such distribution."
By the fifth clause she directed that all the rest, residue and remainder of her estate be distributed share and share alike among the same persons named in the fourth clause and by the sixth (and last) clause she appointed Arthur O'Toole sole executor.
The persons named in the fourth clause filed their bill herein against the executor, alleging that he has taken management and control of the Manhattan avenue property since the death of Amelia Tierney and has collected the rent therefrom, all without authority under the will; that they have the sole right to such control and rents; that, being entitled to the proceeds of sale of said property, they have the right to elect and do elect to take the lands instead of the proceeds of sale thereof; that if the personal estate of the testatrix is insufficient to pay her debts, legacies and charges against the estate, they stand ready and willing to advance the money necessary therefor and to pay the same or to secure the payment thereof. They pray that the executor account to them for rent collected and that he be enjoined from interfering with complainants' control of the property and the collection of rent therefrom; that he be directed to apprise this court of the cash or security required for the payment of debts, legacies and administration expenses and that upon payment, or security for payment, by them, the executor be directed to exhaust his power of sale by a conveyance of said lands to complainants. The executor answered the bill denying complainants' right to control and management of, or rents from, said property, and he filed a counter-claim alleging that two strangers to the suit, namely, Clara Tullio and Ida Soper, are heirs-at-law of the testatrix, and as such may have an interest in said real property, and that questions have arisen on the construction of the will as to which he desires the advice and direction of this court. The complainants answered the counter-claim, denying any interest in Clara Tullio and Ida Soper and also denying that construction of the will is *Page 180 
required. Clara Tullio and Ida Soper answered the counter-claim, alleging that since the will does not vest title to the Manhattan avenue property in anyone, the testatrix died intestate as to such property; that they are heirs-at-law of the testatrix and that upon the death of the testatrix, title to said property vested in them immediately, as tenants in common with other heirs-at-law. The issues were submitted on the pleadings and on a stipulation admitting that two of the complainants are minors, appearing by their guardians appointed by the surrogate of Hudson county, and that Clara Tullio and Ida Soper are heirs-at-law of the testatrix.
It is settled in this state that when a testator directs his executor to sell land and to pay the proceeds to beneficiaries, and the executor has no other duty to perform with respect to said land or the proceeds of sale, the beneficiaries have the right to elect to take the land instead of the proceeds, and that this court will not permit the executor to sell against the wishes of the beneficiaries. But all the beneficiaries of the proceeds of sale must join in such election; otherwise the executor will not be enjoined from exercising his power of sale as directed by the will. Fluke v. Fluke, 16 N.J. Eq. 478;Bolton v. Stretch, 30 N.J. Eq. 536; Morse v. HackensackSavings Bank, 47 N.J. Eq. 279; Hatt v. Rich, 59 N.J. Eq. 492;Cronan v. Coll, 69 N.J. Eq. 694; Condict v. Condict, 73 N.J. Eq. 301; Cranstoun v. Westendorf, 91 N.J. Eq. 34. The complainants are not the only persons interested in the proceeds of sale of the Manhattan avenue property. The direction of the will is that out of the proceeds of the sale thereof the bequests to Joseph Molen and Billy Blair be paid before the complainants take the proceeds, which direction, in effect, charges these legacies on the property and gives the legatees an equitable lien on the proceeds of the sale thereof. It is true that the complainants say they are willing to pay, or to secure the payment, of such legacies, but the legatees have a right to their lien on the land and to require the payment of their legacies in the manner directed by the testatrix. They are not parties to this suit and without their consent, or hearing accorded them, this court should not substitute security for that given them by *Page 181 
the will for the payment of their legacies. Further, for the two complainants who are minors, an election to take the lands instead of the proceeds of sale is attempted to be made for them by their guardian appointed by the surrogate. The minors cannot make the election themselves and a general guardian is without authority to elect for them. Fluke v. Fluke, supra; Condict
v. Condict, supra; Cranstoun v. Westendorf, supra. Should it appear that it would be to the advantage of the minors, this court might make the election for them, but there is nothing in the pleadings from which the court can determine that such an election would be for their benefit. It is not perceived how the conveyance, which the complainants desire the executor to make to them, can vest good title in the minors, and if it can and it should in the future and during their minority, prove advisable to turn their interests into money, it could only be done at considerable expense to them through partition or proceedings to sell infants' lands. It is therefore apparent that all persons interested in the sale which the testatrix directed and in the proceeds thereof, do not consent to take the property in lieu of the proceeds, and the complainants' prayer that the executor be directed to make conveyance to the complainants will be denied. The court is without information as to the amount of residuary estate — whether it is sufficient to pay debts and administration expenses. Perhaps some portion of the proceeds of sale of the Manhattan avenue property may be required for such purpose. The executor is advised to make sale of the Manhattan avenue property with all due diligence and from the proceeds to pay the legacies, and if there are sufficient assets in the residue of the estate to pay funeral charges, debts and administration expenses, to pay the balance to the persons named in the fourth clause of the will. If there is not sufficient property in the residue of the estate to pay the charges aforesaid, the executor should withhold from such proceeds sufficient for that purpose and pay the balance to the persons named in the fourth clause of the will.
The will contains no devise of the Manhattan avenue property to the complainants or to the executor, and it does not *Page 182 
pass under the residuary clause; hence, the testatrix died intestate as to this land and it descended to her heirs-at-law, subject to the power of sale in the executor and to the trusts declared thereon. Until the power of sale is exercised the heirs-at-law are entitled to possession thereof and to the rents and income therefrom. Herbert v. Tuthill, 1 N.J. Eq. 141;Gest v. Flock, 2 N.J. Eq. 108; Fluke v. Fluke, supra; Todd
v. Wortman, 45 N.J. Eq. 723; Morse v. Hackensack Savings Bank,supra; Bonnell v. Bonnell, 47 N.J. Eq. 540; Hopping v. Gray,82 N.J. Eq. 502; Triplett v. Ivins, 93 N.J. Eq. 202. The pleadings do not disclose who the heirs-at-law of the testatrix are, but from the briefs filed by counsel I gather that Bertha Brengel is the only complainant who is an heir-at-law and that Clara Tullio and Ida Soper are the only other heirs-at-law. The complainants assert their rights jointly and they base their prayer for a restraint against the executor from exercising control over and the collection of rent from the property in question, upon what they assert to be their rights under the fourth clause of the will. It is obvious that upon such ground the restraint cannot be granted and it will therefore be denied. In their answer the defendants Tullio and Soper express their willingness that the executor should continue to collect the rent and manage the property, but the executor is advised that he has no such right under the will. He is advised that the Manhattan avenue property was not devised to the complainants by either the fourth or the residuary clauses of the will, and that the testatrix died intestate as to said property, and that the right to the possession thereof and to the rents and income therefrom is in the heirs-at-law of the testatrix, subject to the power of sale in the executor. No opinion is intended to be expressed as to who are the heirs-at-law of the testatrix. *Page 183