On August 31st, 1937, the complainant herein obtained a judgment against defendant H. Tremaine Dennis for $1,203.77 damages and $10 costs. Thereafter an execution issued on the judgment and was returned unsatisfied. The bill of complaint seeks, among other things, a discovery of assets of the judgment debtor, and the subjection of the assets so discovered to the lien of the judgment.
One James F. Walton, a resident of Camden, New Jersey, died, testate, in 1927. At the time of his death he was possessed of six parcels of real estate in Camden; his will disposed thereof in the following manner:
"Third. That all real estate personal or mixed wheresoever situated, to be sold at Public sale to highest bidder, and proceedes from same to equally divided between my beloved wife Sarah E. Walton, and Beloved daughter Pearl Dennis."
Before receiving any portion of the proceeds of sale of her father's real estate, Pearl Dennis died, testate, in 1928, while residing in the State of Indiana. She was survived by her husband, H. Tremaine Dennis (defendant herein) and by her only daughter, Margaret L. Dennis, a minor. By the terms of Pearl Dennis' will, her said husband and her said daughter take in equal shares all her real and personal property.
The West Jersey Trust Company, of Camden, New Jersey (now Camden Trust Company), is administrator cum testamento annexo
of the estate of said James F. Walton, deceased; H. Tremaine Dennis is executor of the estate of said Pearl Dennis, deceased, by appointment of the courts of the State of Indiana; no ancillary appointment has been made in New Jersey. None of the parcels of real property in the Walton estate has been sold; whatever money has been received therefrom by way of rents and profits has been divided between Mr. Walton's wife and Pearl Dennis or her executor. *Page 130 
In 1935 it became necessary for H. Tremaine Dennis to secure his minor child for moneys belonging to her which he had used in the construction of a house at Bridgeton, New Jersey. Incidentally, title to this property has since been lost by Dennis, through foreclosure of a mortgage thereon. In the attempt to accomplish this plan to secure his daughter, said Dennis mortgaged a one-fourth interest in five of the six parcels of real property owned by Mr. Walton at the time of his death; the mortgage ran to a straw party, and was assigned by the straw party to Dennis as guardian of his daughter, although no appointment as such guardian has yet been made by any court.
Even though title to the Walton real estate, until such time as the direction to sell be exercised, descended to Mr. Walton's heir (Pearl Dennis) and passed by her will to her devisees, such title is still subject to the direction to sell. Consequently the mortgage made by Dennis in 1935 and assigned to him as guardian of Margaret L. Dennis is likewise subject to the same direction to sell. Triplett v. Ivins, 93 N.J. Eq. 202. The opinion of Vice-Chancellor Leaming in the latter case, adopted by the Court of Errors and Appeals, states (at p. 204):
"The general rule has long been recognized in this state that where land is directed to be converted into money by the executors and the proceeds distributed in a manner designated by the testator, such proceeds are to be regarded as gifts of money to the distributees and not as devises of real estate. Scudder
v. Vanarsdale, 13 N.J. Eq. 109, 133; Fluke v. Fluke, 16 N.J. Eq. 478,480; Cook v. Cook, 20 N.J. Eq. 375, 377; Hand v.Marcy, 28 N.J. Eq. 59, 65; Clark v. Denton, 36 N.J. Eq. 419;Brown v. Fidelity Trust Co. (New Jersey Chancery),87 Atl. Rep. 222; Isenberg v. Rose (New Jersey Chancery),99 Atl. Rep. 615; Cranston v. Westendorf (New Jersey Chancery),108 Atl. Rep. 776. And, in the circumstances stated, until the power of sale is exercised the legal estate descends to and vests in the heirs-at-law of the testator as tenants in common, such heirs taking the legal title charged with the trust created by the will. Herbert v. Executor of Tuthill, 1 N.J. Eq. 141, 147;Bergen v. Bennett, *Page 131 1 Cr. Cas. 1, 16; S.C., 2 Am. Dec. 281, 285; Gest v. Flock,2 N.J. Eq. 108, 113; Berrien v. Berrien, 4 N.J. Eq. 37; Current
v. Current, 11 N.J. Eq. 186; Fluke v. Fluke, supra; Todd v.Wortman, 45 N.J. Eq. 723, 725; Morse v. Hackensack SavingsBank, 47 N.J. Eq. 279; Bonnell v. Bonnell, 47 N.J. Eq. 540,544; Moores v. Moores, 41 N.J. Law 440; Hopping v. Grey
(New Jersey Chancery), 89 Atl. Rep. 27."
And (at p. 206):
"In Comer v. Light (Ind.), 93 N.E. Rep. 660, and on rehearing, 94 N.E. Rep. 325, it was held that the directions of a will for sale of real estate and distribution of the proceeds to persons named constituted the distributees as such owners of the land in such manner that a judgment against a distributee entered before sale automatically became a lien on the distributee's share, and that as against such intervening rights the doctrine of conversion would not be recognized. The viewsadopted in that case are clearly at variance with the establishedrules in this state. It seems clear that in this state theenforcement of such a judgment could only be against thedistributive share as personalty." (Italics mine.)
In distinguishing a case where title was held to have passed to executors, Mr. Justice Case, speaking for the Court of Errors and Appeals, in White v. Brinkerhoff, 109 N.J. Eq. 553 (at p.557), states:
"In that case [Crane v. Bolles, 49 N.J. Eq. 373] the will imperatively required the executors to sell the real estate in fee after a short time and during that time to control the property by leasing it, collecting the rents, and paying the taxes, insurance premiums, repairs and expenses incidental to its management, and it was held that the fee went to the executors in trust for those purposes and that as to the testator's children the entire estate must be considered as personalty. The issue there arose on a dispute between claimants under the will as to how the will should be construed in order to give effect to the testator's expressed intent in the distribution. The same Chancellor, sitting as Ordinary, in Todd v. Wortman, 45 N.J. Eq. 723,
wherein the will ordered and directed the executors to make sale, held that inasmuch as nothing in the will indicated that the testator *Page 132 
intended his executors to take any estate in his lands, and the provisions and scheme of the will were not of such a character as to render it necessary that the executors should take such an estate, the executors took merely a naked power of sale to be executed, not immediately, but as soon as the executors' convenience and the welfare of the estate would permit, and that until the sale was made the legal title descended to the heirs."
In the instant case, therefore, title to the Walton lands passed upon his death to his only heir, Pearl Dennis, subject to the dower of Mrs. Walton, and subject to the direction to sell and distribute the proceeds, until such time as sale under the will is made. Upon the death of Pearl Dennis, by the terms of her will, H. Tremaine Dennis and Margaret L. Dennis became vested with the title as tenants in common, but necessarily subject to the same conditions under which she (Pearl Dennis) held the fee. It likewise follows that if and when a sale is made pursuant to the directions of the Walton will, the mortgage created by H. Tremaine Dennis covering a portion of the lands will become ineffective as a lien thereon, for a purchaser of the lands taking his title at a sale made pursuant to the directions of the Walton will becomes seized of a title paramount to the title of the heir by descent. See Morse v. Hackensack Savings Bank,supra.
It seems clear that the gifts intended by the will of James F. Walton are gifts of money — not land. In the language of Mr. Justice Pennington, in Fairly v. Kline, 3 N.J. Law 322, the widow and daughter of testator herein is each given "a certain present gift, to be paid at a future time," that is, when the realty shall have been sold.
Nor can the mortgage be sustained as a lien paramount to the direction to sell, under the theory of an election to take the land in lieu of the proceeds of sale, inasmuch as the elements necessary to establish an election are lacking. In the first place, the minority of one of the beneficiaries is an obstacle (Condict v. Condict, 73 N.J. Eq. 301); and in the second place there is apparently a total absence, so far as the record discloses, of that unanimous action of the parties in interest necessary to avoid compliance with testator's direction *Page 133 
to sell. Morse v. Hackensack Savings Bank, supra; Condict v.Condict, supra; Doyle v. Blake, 77 N.J. Eq. 142; Bolton v.Stretch, 30 N.J. Eq. 536; Cron v. Coll, 69 N.J. Eq. 694.
By virtue of the institution of this suit the complainant, a judgment creditor, is undoubtedly entitled to a lien on the assets of his judgment debtor when such assets are discovered.Taylor v. Taylor, 59 N.J. Eq. 86. As between complainant and defendant mortgagee, the complainant must come first in order of lien; for even if, under the circumstances of this case, the court endeavors to support a lien on Mr. Dennis' property in behalf of his minor child on equitable doctrines, nevertheless it must not be overlooked that the consideration for that mortgage was a pre-existing debt, and a mortgagee in such case is not abona fide holder for value. Sipley v. Waas, 49 N.J. Eq. 463.
See, also, Wheeler v. Kirtland, 24 N.J. Eq. 552, to the effect that "An equitable mortgage for a precedent debt has no equity superior to that of a valid subsequent judgment at law. Between such contestants, the first perfected legal lien should prevail. The rule is otherwise with regard to bona fide
purchasers or equitable mortgagees, where the consideration of the mortgage is paid at the time it is given. Equity, in the latter case, regards the equitable mortgagee as a bona fide
purchaser." In any view of the matter, therefore, it seems to me that complainant comes first.
I entertain the view that complainant was wholly justified in filing the present bill. A creditor will not be confined to property of a doubtful or obstructed title in the enforcement of his judgment. Cf. Baader v. Mascellino, 116 N.J. Eq. 126. All the parties in interest are before the court and have answered: Mr. Walton's widow; the administrator cum testamento annexo of Mr. Walton's estate; Mr. Dennis, both individually and as executor of the estate of Pearl Dennis; and the guardian adlitem of the minor child of Mr. and Mrs. Dennis.
The real estate must be sold; but by whom? The will does not answer that question; but I apprehend that there is no doubt of the court's power to do so. In paragraph 5 of the joint answer of all of the defendants except Mrs. Walton, *Page 134 
the right and power to exercise the direction to sell is claimed for the administrator cum testamento annexo of Mr. Walton's estate. Unless the administrator holds a public sale, I will appoint someone to do so.
One-half of the proceeds of sale are payable each to Mrs. Walton and to the executor of Pearl Dennis, deceased. One-half of the latter estate is payable each to H. Tremaine Dennis, individually and Margaret L. Dennis, a minor. A receiver will therefore be appointed herein, to whom Mr. Dennis will be enjoined to pay over his individual share of his wife's estate, to answer the decree herein. *Page 135