# Mayor and Aldermen of Huntsville *v.* Smith *et al.*

### *Bill in Equity for Construction of Will.*

1. *Misnomer of corporation; when grant to devisees not affected thereby.*—A misnomer or variation from the precise name of a corporation in a grant or in a will to it, is not material and does not render the grant or devise invalid, if the identity of the corporation is unmistakable from the face of the instrument or from the averments and proof.

2. *Construction of will; valid gift to city.*—A will, which after giving a life estate in a certain house and lot to a certain named devisee, then directs that at the death of said devisee it is the will of the testator that "the city of Huntsville accept said house for the use and benefit of the white public schools or for a city hospital, as the city authorities may elect, and the household and kitchen furniture be sold for cash and the proceeds to be used towards buying a library for the use of said public schools; * * *and that all my other personal property be sold for cash by my executors and the proceeds be donated to the public white schools," is a valid bequest and is not vitiated for uncertainty, by reason of the fact that the testatrix used the words "the city of Huntsville," instead of the corporate name of the "Mayor and Aldermen of the city of Huntsville;" and such bequest sufficiently designated the objects of the testator's bounty.

3. *Same; same.*—In such a will, the direction that all "other personal property" of the testator be sold for cash by my executors—

[Mayor and Aldermen of Huntsville v. Smith *et al.*]

cutor, and "the proceeds to be donated for the public white schools," does not include money that was on deposit in a bank in the name of the testatrix.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by Mollie Teal, deceased, against the Mayor and Aldermen of the city of Huntsville and others. The purpose of the bill as expressed in the prayer was to have the will of Mollie Teal, deceased, construed and it be adjudged whether the property owned by said Mollie Teal at her death should go into the hands of the executor of said will or the devisees and legatees under said will, or the complainants as heirs at law and next of kin, and that items 4 and 5 of said will be declared void for insufficiency and uncertainty. The will was attached as an exhibit to the bill and its items were as follows: "1st. It is my will after my death that all of my just debts and funeral expenses be paid as soon as possible. 2d. I give to Mollie Greenleaf during her lifetime my house and lot, said lot occupied by me now as a residence and being same lot purchased of O. M. Hundley and others and of record in Book Y. Y. Y. page 357 together with all household and kitchen furniture. Provided that said Mollie Greenleaf shall pay all the State, county and city taxes and keep said property fully insured. I desire an invoice to be made off in duplicate of said household and kitchen furniture, one copy to be given Mollie Greenleaf and the other retained by my executors.

"4th. At the death of Mollie Greenleaf it is my will that the city of Huntsville accept said house and lot for the use and benefit of the white public schools or for a city hospital as the city authorities may elect, and the household and kitchen furniture be sold for cash and the proceeds be used towards buying a library for the use of said public schools.

"5th. I will that all my other personal property be sold for cash by my executors and the proceeds to be donated to the public white schools."

The 6th item pertained to the payment of the executor.

On the final submission of the cause on the pleadings and proof, the chancellor decreed that the bequest to the "city of Huntsville" and to the "white public schools" contained in the 4th and 5th paragraphs of the bill were void for uncertainty and that neither the city of Huntsville nor the white public schools took anything under the will and that the estate of said Mollie Teal deceased, should descend to the heirs at law and next of kin under the laws of descent and distribution. From this decree the respondent appeals and assigns the rendition thereof as error.

JERE MURPHY, JR. and R. W. WALKER, for appellant. The identification of the devisee and legatee under the will were sufficient. The will on its face shows that the testatrix meant the city of Huntsville in the county of Madison, State of Alabama. This clearly identifies the corporation intended. Where the identification is so unmistakable, a misnomer, or variation from the precise name of the corporation, is not material.—*Douglass v. Branch Bank*, 19 Ala. 659; 1 Dillon on Municipal Corporations, (4th ed), §§ 179, 180.

There is no invalidating uncertainty in the object of the gift. The chancellor seems to have been of the opinion that there was lack of certainty as to what "White Public Schools" were intended. A trust for educational purposes is a good charitable trust even where no limit of space is expressed.—*Sears v. Chapman*, 158 Mass. 400; 35 Am. St. Rep. p. 502.

Here the gift is plainly confined in its terms to a particular locality. The gift is for "the use and benefit of *the* white public schools, or for a city hospital, as the city authorities may elect." It is plainly the city authorities of the city of Huntsville, Alabama, that are referred to, and it is not white public schools generally that are to be benefitted, but the white public schools of that particular city. Trusts for educational purposes and for hospitals are good charitable trusts, and a discretion vested in the trustee as to the selection of the beneficiaries does not invalidate such a trust.—*Fi-*

*field v. VanWyck,* 64 Am. St. Rep. 759, note; *Sears v. Chapman,* 158 Mass. 400; 35 Am. St. Rep. p. 502; *Russell v. Allen,* 107 U. S. 163; *Carter v. Balfour,* 19 Ala. 814; *Williams v. Pearson,* 38 Ala. 299; 3 Am. & Eng. Ency. of Law, (1st ed.), 124, 128.

1. L. PENDLETON, DAVID A. GRAYSON and F. T. PETTY, *contra.*—The fact that the testatrix accurately described the land which she intended to convey, and that she had other lands which she did not describe nor directly or indirectly attempt to convey, authorize the court to hold that the testatrix intended that such realty as she owned which was not conveyed by the will should descend to the heirs at law or next of kin, in the same manner as if she had died intestate.—*Burrows v. Pickens,* 129 Ala. 648; *Long v. Mostyn,* 65 Ala. 503; *Thompson v. Shepherd,* 85 Ala. 611.

This State adhering to the former decisions of this court is necessarily classed among those States, which would hold that this attempt of a gift of charity would fail. In section 4243, of the Code of 1896, it is clear that the land owned by the testatrix at the time of her death, which was not referred to in her will, did not pass, but descended to the heirs at law, or next of kin, in the same manner as if the testatrix had died intestate. The cases of *Burrows v. Pickens,* 129 Ala. 648; *Long v. Mostyn,* 65 Ala. 503; and *Thompson v. Shepherd,* 85 Ala. 611, furnish authority for holding that the lands not mentioned in the will were not intended to be conveyed by the testatrix.

The following case hold that the cash in bank does not pass under the will, and consequently descends, as if the testatrix had died intestate: *Kelly v. Richardson,* 100 Ala. 584, and to the same effect, and more accurately is the case of *Pippins v. Ellison,* 55 American Decision, 403; *Wolffe v. Loeb,* 98 Ala. 426.

HARALSON, J.—The 4th article of the will to be construed is: "4th. At the death of Mollie Greenleaf it is my will that the city of Huntsville accept said house for the use and benefit of the white public schools, or

25c

for a city hospital, as the city authorities may elect, and the household and kitchen furniture be sold for cash and the proceeds be used towards buying a library for use of said public schools.

"5th. I will that all my other personal property be sold for cash by my executors and the proceeds to be donated to the white public schools."

The objection, that the use of the words, "the city of Huntsville," as employed in the will, instead of the corporate name,—"the Mayor and Aldermen of the City of Huntsville,"—vitiated the gift for uncertainty, cannot be sustained. "*A misnomer or variation* from the precise name of the corporation, in a *grant* or *obligation* by or to it, is not material, if the identity of the corporation is unmistakable from the face of the instrument or from the averments and proof."—1 Dillon on Munic. Corp. § 179; *Douglass v. The Bank,* 19 Ala. 659. It clearly enough appears, from the will itself, that the city of Huntsville, as it is usually termed in common speech, was the corporation referred to, although its technical corporate name was not employed.

But the question arises,—Did the testator so sufficiently designate the objects of her bounty, as to make them clearly ascertainable and admit of their being readily found, and if not, is not the devise and bequest on that account, void for uncertainty?

In *Carter v. Balfour,* 19 Ala. 815, the doctrine we are considering underwent elaborate discussion in review of many authorities, English and American, and it was there held, that a bequest to "The Baptist Societies for Foreign and Domestic Missions," and "The American and Foreign Bible Society" was valid and sufficiently specific; and if such societies could be found, which were organized and known by those names, at the time of the testator's death, they would be considered the societies referred to in the will, and capable of taking the bequest, whether incorporated or not; but, that if such societies did not exist at testator's death, or could not be found, the bequest must be considered and disposed of as lapsed legacies, as the doctrine of *cy pres,*

as applied to charitable uses, was not here recognized. *Williams v. Pearson*, 38 Ala. 299.

The charter of the city of Huntsville expressly authorizes the establishment and maintenance of free public schools and the erection and establishment of hospitals and infirmaries.—Acts, 1896-97, pp. 383, 397, 400. The city of Huntsville is, itself, in its public capacity the devisee and legatee of these gifts, in the sense of applying them to the public purposes expressed by the testatrix in her will. The devise and bequest mentioned in the will stand, therefore, upon the same legal footing, as if they had been made to the city of Huntsville, generally, for these public municipal purposes. The fact that they are limited to certain public purposes, does not alter or in any wise affect their validity. That the city of Huntsville is the devisee and legatee for the purposes specified in the will, and that the schools and hospital referred to, as the ones which testatrix by her bounty sought to promote, are within the city limits, appears sufficiently certain, to uphold the devise and bequest against the contention by complainants, that they are void for uncertainty.

The decree of the court below is reversed, and one will be here rendered dismissing the bill out of this court and the court below.

Reversed and rendered.

## *Application for Rehearing.*

In the original opinion in this case, we passed on matters considered and decreed upon by the chancellor, under items 4 and 5 of the will of the testatrix, as to the property mentioned in said items devised and bequeathed to the city of Huntsville. On this application our attention has been called to the necessity of a construction of said item five (5) of the will, in which the testatrix directed that all her other personal property,—besides that mentioned and specifically bequeathed in item 4 of her will,—should be sold for cash by her executors, and the proceeds donated to the said public white schools; or, in other words, we are to construe the will, as whether the testatrix intended by this item

[Alabama Construction Co. v. Wagnon Bros.]

of her will, to bequeath for the use of said public schools of Huntsville, the money it was shown and admitted she had on hand at the time of her death, deposited in two banks in Huntsville. It will be seen that the "other personal" property mentioned in said item five was directed to be "sold for cash" by her executors, and the proceeds arising therefrom to be donated for the use specified. It is against reason that she should have intended her cash on hand to be sold for cash; and it appears clear to us, that by the words, "my other personal property," as employed in said item five (5), testatrix did not include the money she had on hand in banks, and did not intend to donate it to said public schools. The implication that she intended to include her money on hand as a part of her personal estate to be sold for cash, is too weak to be upheld.—*Woolf v. Loeb*, 98 Ala. 426; *Pippin v. Ellison*, 12 Iredell, Law, 61, s. c. 55 Am. Dec. 403. This money passed, subject to administration, to those entitled under the law of descent and distribution.—Code, § 1462.

The decree of this court heretofore rendered dismissing the bill will be set aside and annulled, and the cause is remanded to the lower court for further proceedings.

Reversed and remanded.