FRANCES DOYLE

*v.*

GEORGE F. BLAKE, executor of the estate of Amelia Hayes, deceased.

[Submitted February 2d, 1910.   Decided February 25th, 1910.]

1. Upon a bill by the sole devisee and legatee of all the estate of a testatrix against the executor to restrain him from selling the real estate in derogation of complainant's right of election to take the same in lieu of the cash to be derived from its sale—*Held*, that such right of election on the part of a sole beneficiary is a substantial and beneficial right, and a court of equity will not permit it to be defeated by the existence of an obstacle which the complainant can remove, if permitted to do so.

2. With the exercise of that election the complainant will become the devisee of the land.

The bill is filed by complainant as the devisee and legatee of all of the estate of Amelia Hayes, deceased, and seeks to restrain the executor under the will from selling the real estate in derogation of the asserted right of complainant to elect to take the real estate in lieu of the cash to be derived from its sale.

The will is as follows:

"1st. I constitute and appoint George F. Blake, of Gloucester City, New Jersey, to be my Executor, of this my last Will and Testament.

"2nd. I desire that all my just debts and funeral expenses be paid as soon as convenient after my death.

"3rd. I desire that all my real estate and personal property be sold within a term of one year, or sooner if necessary and the proceeds thereof to be given to my niece, Mrs. Francis Doyle, wife of William Doyle, after all expenses pertaining to such settlement be deducted therefrom."

Complainant has offered to pay or secure all debts and administration expenses and has elected to take the real estate in lieu of the proceeds of its sale.  The executor refuses to recognize this claim of right upon the part of complainant, and is now

about to sell the real estate at public sale. These essential facts are not in dispute.

*Mr. Samuel P. Hagerman,* for the complainant.

*Mr. Charles A. Cogan,* for the defendant.

LEAMING, V. C.

It is well settled that where a sale of land is directed by a will and the proceeds of the sale are to be paid to a beneficiary, whose interest is identical, whether he takes the land or the proceeds of its sale, and the executor has no duty to perform with respect to the land or the proceeds of the sale thereof other than to sell the land and pay over the proceeds to the person named, such person has the right to elect to take the land instead of the proceeds, and a court of equity will not allow such executor to sell the land against the wishes of such beneficiary. *Gest* v. *Flock, 2 N. J. Eq. (1 Gr. Ch.) 108, 115; Scudder* v. *Stout, 10 N. J. Eq. (2 Stock.) 377, 381; Fluke* v. *Fluke, executor, 16 N. J. Eq. (1 C. E. Gr.) 478, 480; Howell* v. *Tomkins, 42 N. J. Eq. (15 Stew.) 305, 309, 310; Baldwin* v. *Vreeland, 43 N. J. Eq. (16 Stew.) 446, 448; Morse* v. *Hackensack Savings Bank, 47 N. J. Eq. (2 Dick.) 279, 284, 285; Huber* v. *Donoghue, 49 N. J. Eq. (4 Dick.) 125, 127.* An instructive exemplification of the right of election upon the part of a beneficiary of the proceeds of sale of lands, and of the consequences which may flow from the exercise or failure to exercise the right, is found in *Craig* v. *Leslie, 3 Wheat. 563, 576.*

In the present case complainant is made the sole legatee of all of the personal property of testator and of all of the proceeds of sale of all of testator's real estate, after the debts of testator and expenses of the settlement of the estate are paid. With these charges removed complainant will be the sole person in interest. There can be no just reason assigned why complainant should not be permitted to either pay or adequately secure the payment of these charges and then exercise her election to take the land. This right of election on the part of a sole beneficiary is a substantial and beneficial right, and a court of equity should not permit it to be defeated by the existence of an obstacle which

complainant can, if permitted, remove. With the exercise of that election, complainant will become the devisee of the land. *Craig* v. *Leslie, supra.*

I will award a further hearing at which defendant may apprise the court of the amount of cash or security which he may require to satisfy all possible needs of the estate for the payment of creditors and expenses of administration. When that is ascertained, an appropriate order will be made.