FREDERICK R. MADDOCK, administrator, &c.,

*v.*

PROGRESSIVE INVESTMENT COMPANY.

[Decided June 16th, 1911.]

A suit for the specific performance of a contract for the sale of real estate by the complainant as the personal representative of a decedent, under a power of sale contained in his will devising such real estate to the residuary devisees, is not maintainable where it appears that all the duties of the personal representatives have been performed, all the debts and legacies have been paid, and there is no trust or other duty devolving on the complainant, and where it appears by the will that the testator has made no equitable conversion of such real estate, and the devisees thereof had the right to elect, and did elect, to take the land instead of the proceeds of the sale thereof.

---

On final hearing on bill, answer, replication and proofs.

*Mr. Egbert J. Tamblyn,* for the complainant.

*Mr. Samuel F. Leber,* for the defendant.

HOWELL, V. C.

This is a bill for the specific performance of a contract for the sale of real estate. The defendant refused to take the title tendered by the complainant for the expressed reason that the complainant as personal representative of the deceased could not make title. The testator died in 1904, leaving a will by which he

gave his residuary estate to his grandchildren, Edmund F. Heath and Marjory Heath, and to his nieces, named Heath and Haddon. He provided that the shares of the said Edmund F. Heath and Marjory Heath be paid to them when they shall have arrived at the age of twenty-one years. He also created a power of sale in these words:

"I hereby authorize my executrix to sell and dispose of any or all of the property that I die possessed of at such times and upon such terms and in such manner as to her shall seem judicious, and make the necessary conveyances and transfers thereof."

In 1905 all the residuary devisees attained their majority, and on July 26th, 1906, the persons who are mentioned in the will as the nieces named Heath and Haddon made a conveyance of their interest in the residuary estate including the lands to Edmund F. Heath and Marjory Heath. At the time of that conveyance the said Edmund F. Heath was the personal representative of the testator, appointed as substitute for the widow who was then dead. He has since died, and the complainant is substituted under the statute. On July 6th, 1910, the present personal representative made a contract to sell the lands in question to the defendant. The decision of the case depends upon the question whether the substituted administrator can give title. It appears that all the duties of the personal representative have been performed, all the debts and legacies have been paid, and there remains nothing for him to do. The title to the lands in question is vested in the residuary legatees. There is no trust or other duty devolving upon the complainant, and it is for this reason that the defendant says that the power of sale contained in the will has been exhausted, and that a title attempted to be made by the complainant would be nugatory.

It is quite apparent from reading the will that the testator made no equitable conversion of the estate in question, and the point is whether the devisees had the right to elect to take the land instead of the proceeds of the sale thereof, and if they had that right whether they have exercised it. In my opinion, they had the right to make such election, and that they have elected

in pursuance of such right to take the land. This is evidenced by the deed of July 26th, 1906. All the residuary legatees were parties to this instrument either as grantors or grantees. The grantors must be held to have elected to take the land because they dealt with it as land by making a deed of conveyance of it to the other two legatees; and the other two legatees must be held to have so elected for the reason that they accepted a deed from the grantors, thereby dealing with the subject-matter of the controversy as land; they not only took title to it as land, but paid the consideration money therefor, and the title to all the interests then became vested in them by virtue of a deed of conveyance which treated the property in question as land.

The authority for this is the case of *Gest* v. *Flock, 2 N. J. Eq. (1 Gr. Ch.) 108*. I make the following extract from the opinion in that case: "The giving of the mortgage by Albert was a clear election on his part to take land, and upon no principle can that election be now disturbed. This election it appears was not only made by Albert, but by the whole of the testator's family, for they all conveyed their shares to the defendant Flock about the same time he purchased Albert's share at sheriff's sale. If the complainant can defeat the sale of Albert's share, I see nothing to prevent any other member of the family now from making a similar transfer and thus deprive the defendant of his entire interest in the lands." See the cases collected by Vice-Chancellor Leaming in *Doyle* v. *Blake, 77 N. J. Eq. (7 Buch.) 142; Beideman* v. *Sparks, 61 N. J. Eq. (16 Dick.) 226*.

It will be observed that at the time the residuary estate was conveyed to Edmund F. Heath and Marjory Heath the said Edmund F. Heath was the substituted administrator with the will annexed, or, in other words, the personal representative of the testator. This fact gives the argument greater force. He stands as the personal representative, accepting the deed of conveyance which treats the property in question as land, instead of insisting upon an equitable conversion and treating it as personalty. Not only was this a recognition of the real nature of the property in dispute, but an absolute abandonment of any idea that it might be personalty or have any of the incidents of personalty.

Again, if the lands in question are permitted to be sold and conveyed by the complainant, the purchase-money would have to be paid to the present owners of the fee, and it is well settled that a power of sale will not be made effectual in any case in which the proceeds of the sale would have to be paid to the *terre-tenants,* if the *terre-tenants* object.

I must therefore hold that the present complainant not only cannot furnish a marketable title, but can furnish no title at all, and I will advise a decree dismissing the bill.