# Funk *v.* Hummelstown & Campbellstown Street Railway Company, Appellant.

*Negligence—Street railways—Fright of horse—Snow—Evidence.*

In an action against a street railway company to recover damages for death of plaintiff's husband, a verdict and judgment against the defendant cannot be sustained, where it appears that the accident occurred on a stormy winter's night when the wind was blowing, and the snow driving and drifting, on a turnpike road in a rural community, where there were but few houses in the immediate vicinity; that the defendant operated a street railway in the middle of the turnpike; that piles of snow had been shoveled or drifted on both sides of the track to a height variously estimated from eighteen inches to three feet; that at the time of the accident the deceased was riding on a horse between the rails as a car approached from the opposite direction, that his horse was unmanageable; that when the motorman saw the deceased he blew the whistle and brought his car to a stop, but the horse continued to rear and plunge, and the deceased fell to the ground across the track and part way under the front of the car; and that there was no direct evidence that the car came in contact with the rider or the horse before the deceased was unseated, or to explain precisely the immediate cause of the injury of which he died.

Argued Feb. 14, 1912. Appeal, No. 29, Jan. T., 1912, by defendant from judgment of C. P. Lebanon Co., June T., 1910, No. 30, on verdict for plaintiff in case of Sarah R. Funk v. Hummelstown and Campbellstown Street Railway Company. Before MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before HENRY, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,500. Defendant appealed.

*Errors assigned* were in refusing binding instructions for defendant and in refusing to enter judgment for defendant n. o. v..

*Grant Weidman, F. Lyman Windolph* and *John E. Snyder,* for appellant.—Under the circumstances of the case and in view of the testimony adduced, the cause of the accident resulting in the death. was conjectural merely: Turton v. Powelton Electric Co., 185 Pa. 406; McCloskey v. Chautauqua Lake Ice Co., 174 Pa. 34; Kible v. Philadelphia,. 105 Pa. 41; Matulys v. Philada. etc. Coal & Iron Co., 201 Pa. 70; Fisher v. Ry. Co., 131 Pa. 292; Reading & Columbia R. R. Co. v. Ritchie, 102 Pa. 425.

This case should never have been submitted to a jury because, under the testimony, the proximate or dominant cause of the accident was conjectural merely: State v. Philadelphia etc. R. R. Co., 60 Md. 555; Powers v. R. R. Co., 143 Mich. 379 (106 N. W. Repr. 1117); Hazel v. Pass. Ry. Co., 132 Pa. 96; Rotsell v. Warren Borough, 10 Pa. Super. Ct. 283; Pittsburgh Southern Ry. Co. v. Taylor, 104 Pa. 306; East End Oil Co. v. Torpedo Co., 190 Pa. 350; Alexander v. Water Co., 201 Pa. 252.

*Warren G. Light,* for appellee.—The case was for the jury: Stanton v. Traction Co., 11 Pa. Super. Ct. 180; Yoders v. Amwell Twp., 172 Pa. 447.

The defendant company was liable for its negligence in doing anything upon the public highway which caused an injury to the deceased: Bradwell v. Ry. Co., 153 Pa. 105; Kraut v. Ry. Co., 160 Pa. 327; Gibbons v. Wilkesbarre etc. St. Ry. Co., 155 Pa. 279; Wagner v. Ry. Co., 158 Pa. 419; Shaffer v. Beaver Valley Traction Co., 229 Pa. 533; Scott Twp. v. Montgomery, 95 Pa. 444.

OPINION BY MR. JUSTICE MOSCHZISKER, April 8, 1912:

Sarah Funk brought this action in trespass against the Hummelstown and Campbellstown Street Railway Company, on behalf of herself and her minor child, to recover damages for the death of her husband, Harry K. Funk, which she alleged resulted from the negligence of the defendant Company.

On the evening of January 29, 1910, a stormy night, Funk was riding horse-back along a public highway called the Berks and Dauphin turnpike. It had been snowing and blowing the entire day and previous night, and the snow was thrown up in banks or drifts along the road. The testimony as to the height of these banks of snow varied, some witnesses saying that they were as high as three feet and others that they were not more than eighteen inches. The defendant company operated a trolley line in the middle of the turnpike, and on the day of the accident had two employees clearing its right of way and shovelling the snow to the north and south of its tracks. The deceased had arrived in the town of Palmyra and was riding between the rails as a car approached from the opposite direction; at that time his horse was unmanageable. When the motorman saw the deceased he blew the whistle and brought his car to a stop, but the horse continued to rear and plunge and Funk fell to the ground across the track and part way under the front of the car. An examination of his body disclosed an injury upon his head about the size of a dollar, from which he died shortly afterwards. There was no direct evidence that the car came in contact with the rider or the horse before Funk was unseated or to explain precisely the immediate cause of the injury from which he died. The jury rendered a verdict for the plaintiff, and the defendant has appealed and assigns for error the court's refusal of binding instructions and judgment non obstante veredicto in its favor and the entry of judgment on the verdict.

A careful examination of the printed evidence fails

to reveal any proofs which would justify a finding that negligence by the defendant Company caused the injury complained of. The citation of authorities in cases of this character is of little or no avail, since each case must stand or fall on its own facts. As was truly said by President Judge Rice in Stanton v. Traction Co., 11 Pa. Superior Ct. 180, 200: "The width of the street, the amount of travel upon it, the grade, the climate, the depth of the snow fall, the depth of the snow already upon the ground, the kinds of vehicles in common use, and many other circumstances of minor importance are all to be considered in determining what is due care in the disposition of the snow which the Company removes from its tracks. It is not possible to lay down a single rule applicable alike to a crowded thoroughfare of a populous city, and to a little travelled road where ample room is left on either side of the track for vehicles to pass and turn and all the different roads of varying conditions lying between those two extremes. A case, indeed, may be so plain, that it will be the duty of the Court, taking a practical view justified by common knowledge and experience, to give the jury binding instructions, that the company has exercised all the care in the removal and disposition of the snow that could reasonably be expected." In the present case binding instructions should have been given for the defendant. The accident occurred on a stormy winter's night when the wind was blowing and the snow driving and drifting, on a turnpike road in a rural community, where there were but few houses in the immediate vicinity. It appears that the horse was first seen rearing and plunging before it came to the cleared part of the defendant's right of way and before the trolley car was in sight, and that it never went down but the rider was thrown from its back. There was not any evidence from which the jury could justifiably say that the defendant company had removed the snow in an unusual or negligent manner under the circumstances, that by the cleaning of its

tracks it had created an unreasonably hazardous condition on the highway which had become a standing danger to its public use, as in some of the cases cited by the appellee, or, in point of fact, that the snow placed by the defendant on the sides of the road caused or directly contributed to this unfortunate accident. Nothing negligent or unusual had occurred in the operation of the car to which the conduct of the horse or the unseating of the rider could be attributed so as to fix a liability upon the defendant, and it cannot be said with any degree of certainty whether it was contact with the car or with the ground that brought about the fatal injury. After viewing all the testimony in the most favorable light for the plaintiff, we deem the case devoid of evidence showing negligence on the part of the defendant.

The assignments of error are sustained, the judgment is reversed and is here entered for the defendant.