## CHARLES R. ROGERS

*v.*

## MARY ROGERS LIPPINCOTT et al.

[Submitted September 24th, 1918. Decided October 3d, 1918.]

1. A beneficiary under a will directing the sale of property who was not made a party to a foreclosure whereby the interests of the other beneficiaries were extinguished, and who is therefore the only person interested in the exercise of a power of sale, has a right to defeat that power by electing to take the land.

2. Where he elects to take his interest in the land in lieu of specie under the bequest in the will, he has the right to enforce his election by filing a bill for partition, being a tenant in common with the holder of the title secured through the foreclosure suit.

3. Beneficiaries under a will directing the sale of land, by mortgaging their interests in the land, elect to reconvert the personalty into real estate.

---

William A. Rogers, the complainant's grandfather, died seized of the land sought to be partitioned, leaving surviving a widow and five children. By his will he gave his property, real and personal, to his widow during widowhood and empowered his executors, after the death of his wife, to sell his real estate and divide the proceeds among his children "that may be living at that time, or to the lawful issue of any that may have died leaving such issue." The widow died leaving surviving her the defendants Mary Rogers Lippincott and Thomas I. Rogers, children, and the complainant, a son of a deceased child, the only surviving heirs-at-law of the testator. During the lifetime of the widow a mortgage made by the testator covering the premises was foreclosed in this court and the property sold to one Dechert who forthwith conveyed it to the defendant Mary Rogers Lippincott. The complainant, who was then an infant, was, for some unexplained reason, not made a party to the suit, although all the other heirs and beneficiaries were joined. The executors have not exercised the power of sale and the complainant, who is now of age,

has elected to take his undivided third interest in the land in lieu of specie under the bequest in the will and to enforce his election, has filed this bill for a partition. The defendant Mary Rogers Lippincott moves to dismiss the bill on the grounds that the complainant

"has no interest in the lands disclosed in said bill that is capable of being partitioned. His interest, if any, being only in the proceeds of said land when sold according to the terms of the will of William A. Rogers."

*Mr. Bayard Stockton,* for the motion.

*Mr. William J. Backes,* for the complainant.

Backes, V. C.

The argument in support of the motion is that the complainant cannot defeat the power of sale by electing to take the land unless all of the beneficiaries join in the election. *Condict* v. *Condict, 73 N. J. Eq. 301.* The principle that land equitably converted into personal property cannot be reconverted into realty by the owners of the fee entitled to the personalty unless by unanimous consent, is of no assistance to the defendant because the interests of the beneficiaries under the will in question, except that of the complainant, and their estate in the land, as heirs of the testator, have been extinguished by the foreclosure suit under a superior title arising out of the mortgage made by the testator, and as to them the power of sale has been exhausted. The only person now interested in the exercise of the power of sale is the complainant, and, as his interest in the proceeds of sale is identical with his estate in the land, he has the right to defeat the power by electing to take the land. *Doyle* v. *Blake, 77 N. J. Eq. 142.* Thus, as a tenant in common with the defendant Mary Rogers Lippincott, he may maintain the bill to partition the premises.

Moreover, it appears by the allegations of the bill that the defendants executed mortgages upon their several interests in the land. This was an election on their part to reconvert the personalty into real estate. *Gest* v. *Flock, 2 N. J. Eq. 108; Maddock* v. *Progressive Investment Co., 84 Atl. Rep. 575.*

The motion is denied, with costs.