# ANDREW MAHANEY

*v.*

# CORNELIUS MAHANEY, JR., et al.

### [Decided March 29th, 1920.]

1. Where a testator devised real property to his son, subject to a charge of $100 each to his two brothers, the son by renouncing could not entitle himself to a third share in the real estate in common with his brothers free of the charge, on the theory that the result of his renouncing the devise was that the testator died intestate. Such legacies are equitable liens on the real estate in whomsoever the title may be, and the renunciation relieves the devisee of personal liability only; and the lien of the brothers may be foreclosed by sale of the land.

2. Such renunciation having been made under a misunderstanding as to the devisee's rights, and not having changed the situation, but only injured himself, forfeiture of the surplus which may arise on foreclosure of the equitable liens will not be enforced.

3. The devisee of land subject to charges on legacies was entitled to possession on probate of the will, and the lands were liable for the testator's debts for one year after his death, the legacies being payable within a year from the probate of the will, and interest running on them from that date.

4. If one of the legatees, whose legacy was made a charge on the land, dies before the legacy was paid, the legacy to him was vested in him at his death, and is to be considered as personalty for distribution.

On bill, &c.

*Mr. Martin R. O'Keefe,* for the complainant.

*Mr. Howard F. Barrett,* for the defendant Cornelius Mahaney, Jr.

FIELDER, V. C.

Cornelius Mahaney died leaving a will admitted to probate in Morris county, June 4th, 1917. He left him surviving his three sons, Andrew, Cornelius, Jr., and William. By his will

he gave certain articles of furniture to one son and directed that the balance of his household goods should be divided equally among the three sons, expressing the wish that these things should not be sold or given away by his sons, but kept in remembrance of him and their mother. He also made the following devise:

"I give and devise to my son Cornelius Mahaney the house and lot where I now reside, to him and his heirs, providing, however, that he pay to my sons Andrew and William the sum of one thousand dollars each."

Cornelius, Jr., accepted his share of the household goods, but he has not taken possession of the house and lot. On December 14th, 1918, he filed with the Morris county surrogate a writing signed by him, wherein he renounced and gave up said devise.

William, one of the sons, died October 30th, 1917, intestate, survived by a widow and four minor children.

Complainant filed his bill against Cornelius, Jr., and the widow and next of kin of William, praying that Cornelius be decreed to pay his legacy with interest and costs, or that the same be decreed a lien upon the land in question, and that the land be sold for the payment thereof. He prays for alternative relief in the nature of a bill for partition.

Cornelius, Jr., answered claiming that he was not bound to accept the devise and pay the legacies and he joins in the prayer for a partition of the lands. It is his theory that the result of his refusal to accept the devise, is that the testator died intestate as to the house and lot and that the three sons became seized thereof as heirs-at-law, as tenants in common.

I think there can be no doubt but that under the will, Cornelius, Jr., would take an estate in fee in the house and lot, subject to the charge of the legacies to his brothers. It is not necessary to consider whether by his written renunciation he could divest himself of title; neither is it necessary to consider the question whether he is not now barred from setting up a claim adverse to the will because he accepted a bequest of personalty under it, for the reason that I consider the legacies to his brothers as equitable liens on the real estate in whomsoever the title may be, which Cornelius, Jr., cannot de-

feat by any act of his. I must give effect to the testator's plain intention that Andrew and William should first be paid $1,000 each out of the house and lot before Cornelius could take anything. The most that can be said of the latter's refusal to accept the devise is that it will relieve him of personal liabiblity for the payment of the legacies.

In the event that Cornelius should continue to decline to accept the devise and pay the legacies, the lien of the legatees should be foreclosed by sale of the land and this presents the question whether in view of his refusal to accept the devise, he is not estopped from claiming the surplus which may arise on the sale, and whether it should not be determined that the testator died intestate as to such surplus and that the same should go to the testator's heirs-at-law as real estate, or to his next of kin as personal property. I think that Cornelius' dissent to accept the devise was made under a misunderstanding as to his rights and since his refusal has not changed the situation and no one but himself has been injured by it, it would be inequitable to enforce a forfeiture of what the testator intended he should receive under the will.

Cornelius, Jr., was entitled to possession upon the probate of the will and the lands were liable for the testator's debts for one year after his death. I shall hold that the legacies were payable within one year after the probate of the will and that interest will run on them from June 4th, 1918. I shall advise a decree that Cornelius, Jr., pay the costs of this suit and be given an opportunity to pay the legacies with interest and in case of his failure to do so, that the house and lot be sold under the direction of a special master, to raise and pay the aforesaid amounts, and if sufficient money should not be raised by the sale to pay both legacies, the proceeds to be applied to them proportionately. If there should be any surplus it will be paid to Cornelius, Jr.

To dispose of all questions which now occur to me, I will add that the legacy to William was vested in him at his death and is to be considered as personal property for distribution among his widow and next of kin.