JOHN T. BINNS et al.

*v.*

R. MILLS SMITH et al.

[Decided July 29th, 1921.]

1. The understanding of the parties as to when a purchase-money mortgage referred to in a contract of sale should be made payable, cannot be established by parol proof.

2. *P. L. 1918 p. 119,* abrogates the rule as to married women's acknowledgments that such acknowledgment be taken in the absence of the husband.

3. A contract for conveyance of a married woman's real estate must comply with that law, and the absence of a notary's certificate of acknowledgment to the agreement strongly indicates that no acknowledgment was taken.

4. In a bill for specific performance against one whose sole defence is an outstanding dower right in one against whom no decree can be made —*Held,* that a decree may be made with abatement of price to the amount of the value of the dower interest as ascertained by the mortality tables.

5. A contract for the sale of real estate contemplating installment payments, but not disclosing the time of payment, cannot be specifically enforced where the complainant does not waive the credit and tender cash, or a mortgage payable on demand.

On final hearing on bill for specific performance.

*Mr. Herbert J. Koehler,* for the complainants.

*Mr. D. Trueman Stackhouse,* for the defendants.

LEAMING, V. C.

1. It is clear that the understanding of the parties as to when the purchase-money mortgage referred to in the contract should be made payable cannot be established by parol proofs. *Schwartzman* v. *Creveling, 85 N. J. Eq. 402.*

2. I am convinced that the evidence does not justify an affirmative finding that the contract was acknowledged by Mrs. Smith. Mrs. Smith, probably, understood the transaction fully at the time she signed the agreement and the notary public was no doubt fully satisfied that she understood it. But there is no evidence either by a certificate of acknowledgment or otherwise that she in fact signed or acknowledged that she signed as her free or voluntary act. This specific inquiry by an acknowledging officer is all important. Formerly, the inquiry was required to be made in the absence of the husband and with specific inquiry as to possible coercive influence of the husband; that requirement is now dispensed with, but the inquiry whether a married woman executes the instrument voluntarily is now quite as important as it ever has been. The mere circumstance that the notary annexed no certificate of acknowledgment to the agreement strongly indicates that no acknowledgment was in fact taken. The present act (*P. L. 1918 p. 119*), like the act it amends, provides that "no estate or interest of a *feme covert* in any lands, tenements or hereditaments, lying and being in this state, shall hereafter pass by her deed or conveyance, without a previous acknowledgment." The effect of that provision has been long determined to be to render impossible the specific enforcement of an unacknowledged contract of a *feme covert* for the sale of land. *Schwarz* v. *Regan, 64 N. J. Eq. 139; Schwabinger* v. *Saxon (Court of Chancery), 110 Atl. Rep. 15.*

3. I see no obstacle to partial performance with compensation arising from the mere circumstance that a conveyance of the

interest of the wife cannot be enforced. The accepted rule appears to be that partial performance with compensation will only be decreed when the amount of loss for partial failure of title can be ascertained with a reasonable degree of certainty, and is not a matter of mere speculation. *Pom. Spec. Perf.* § *448.* This view was adopted by Vice-Chancellor Stevens in *Milmoe* v. *Murphy, 56 Atl. Rep. 292; affirmed, 65 N. J. Eq. 767.* But, consistently with the authorities on the subject, it is pointed out by Professor Pomeroy, in the same section, that

"the court will not apply the rule already stated except in cases of real necessity, and prefers to grant compensation even when its measure cannot be exact, and the estimate must be rather approximate than certain."

In this state it is a common practice in cases in which one who owns the fee has contracted to sell an unencumbered title, and has no substantial defence except an outstanding dower right in one against whom no decree can be made, to decree specific performance by the owner of the fee with abatement of the purchase price to the amount of the value of the dower interest as ascertained by our table of mortality. In the present case, the title is in the two defendants, who are husband and wife, as tenants by the entirety. The objection now made to a decree for specific performance by the husband with abatement from the purchase price of the value of the wife's interest is that the value of the interest of the wife cannot be ascertained with reasonable accuracy. The husband has contracted to sell and should comply with his contract if it can be enforced against him; if the only defence available to him should be found to be the objection now made, I am unable to regard it as substantial. By our tables of mortality the years of expectancy of life of both parties defendant can be ascertained, and the proportionate value of their respective interests will be disclosed by their respective years of expectancy. Thus, if the expectancy of one should be ascertained by the master to be ten years and the other fifteen years, the ten years' expectancy would be valued at ten twenty-fifths of the purchase price, and the fifteen years' expectancy would be valued at fifteen twenty-fifths of the purchase price.

4. But, notwithstanding the views already expressed, it seems clear that no decree can be awarded to complainant in this case, for the reason that no time is specified in the contract for the payment of the purchase-money mortgage which the contract contemplates that complainant shall give to defendants for a part of the purchase price. The situation presented·is the same as that presented in *Moore* v. *Galupo, 65 N. J. Eq. 194.* To be enforced by decree of this court the contract must be complete in all its material parts; with any material part unexpressed or left open for subsequent negotiation and determination by the parties there can be no decree. The terms of the contract now sought to be enforced clearly disclose that the purchase-money mortgage was to be an extension of credit to the purchaser; the contemplated installment payments fully disclose that the time of payment was to be postponed. In such circumstances it has been held to be the privilege of complainant to waive the credit and tender cash or a mortgage payable on demand. But the pleadings herein do not present any issue on that question. On the authority of *Moore* v. *Galupo, supra,* a decree for performance must be denied and the parties left to their legal remedies.