BONDED BUILDING AND LOAN ASSOCIATION, complainant-respondent,

*v.*

JOSEF KONNER and RACHEL KONNER, his wife, et al., defendants-appellants.

[Submitted February term, 1933. Decided April 28th, 1933.]

*Mr. Samuel S. Saiber* (*Mr. Herman W. Brams*), for the defendants-appellants.

*Mr. Merritt Lane,* for the complainant-respondent.

The opinion of the court was delivered by

BODINE, J.

This is an appeal from a decree foreclosing three mortgages. In so far as it relates to two of the mortgages, there is no challenge. The complainant, a building and loan association, in January of 1927, loaned Josef Konner $75,000 upon the security of his Montville property. Apparently the amount was insufficient to cover the building operations he was conducting. In June, he applied for an additional loan of $25,000. This was granted "provided that the thirty-three acres of ground owned by Mr. Konner and his son are pledged against the new loan." The attorney of the building and loan association received from the borrower the title deeds for the additional land to be mortgaged and drew two mortgages; one a mortgage for $25,000 and the other a collateral mortgage executed by Konner and two of his sons. The title to the land described in the collateral mortgage was not insurable. However, the association took the mortgage for what it was worth. The lands in question, and described in this mortgage, were the property of a deceased wife of Josef Konner and were disposed of under and by her will. The collateral mortgage was executed by Kevah Konner and Abe Konner, sons of the testatrix, who took an interest under the will and by Joseph Konner, who had an interest in the lands by curtesy. Josef's second wife, Rachel, was also a party to this mortgage.

Our examination of the testimony satisfies us that the vice-chancellor hearing the proofs properly concluded that the lands included within the description contained in the collateral mortgage were so placed by the design of the parties executing the mortgage. There is nothing in the proofs to indicate to us either fraud or mistake. The attorney for the building and loan association gave clear and convincing testimony and besides Kevah Konner, one of the parties to the instrument, executed the same after it was sent to him

and acknowledged his act before his brother-in-law, a notary public.

The testimony further indicates to us that the collateral mortgage, although bearing a later date than the mortgage it secured, was given as an inducement for the advances made thereon. When the second mortgage was applied for the parties to the collateral mortgage promised to give additional security. They now concede this, but contend that other lands were intended to be included and not the lands described, because such lands were disposed of under the will of Lena Konner. As before indicated, the testimony indicates that they perfectly well understood what they were doing and furnished the deeds and description from which the mortgage was drawn.

The decree directs only the sale of such right, title and interest as the parties to the mortgage may have. If they have no interest they are not aggrieved. The sheriff can only sell such interest as they have and the purchaser can acquire no greater interest.

There is no merit in the assertion that the decree is erroneous, because by the will of Lena Konner there was a conversion of the lands. Conceding this to be so, but we do not pass upon the point, a mortgage operates upon whatever interest the mortgagor had and anything the subject of contract or assignment may be mortgaged. *Neligh* v. *Michenor, 11 N. J. Eq. 539.* The mortgagors could assign any interest they took under the will of Lena Konner and they could therefore mortgage it. Further, the assertion that other beneficiaries under the will may be involved in litigation can make no difference. The purchaser at foreclosure sale secures the right, title and interest, whatever it may be, of the mortgagors. This in no way adversely affects others interested under the will of Lena Konner. Those interested in her property had the right to assign their interest whatever it might be. The assignee has no greater rights than the assignor. The final decree merely directs a sale of whatever interest the mortgagors may have had.

The decree will be affirmed.

For affirmance—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.

For reversal—None.