Suit is brought for construction of the will of Rev. Nicholas E. Sotis, late of Morris county. The fifth paragraph of the will reads:
"And I do hereby order and direct my executrix hereinafter named to sell and convert into money, all of the balance of my property and *Page 454 
estate, real, personal and mixed, of every kind, name, nature and description whatsoever, whereof I may die seized and possessed, and after paying the expenses of settling my estate to pay the balance thereof to my beloved sister, MATILDA SOTIS, who resides at this time in Italy."
Complainants contend that bank accounts did not pass by force of the fifth paragraph and that as to such accounts Father Sotis died intestate. They cite Mayor, c., of City of Huntsville v.Smith, 137 Ala. 382; 35 So. Rep. 120, which concerned a will directing "that all my other personal property be sold for cash, the proceeds to be donated to the white public schools." The court held, "it is against reason that she should have intended her cash on hand to be sold for cash and it appears clear to us that by the words `my other personal property' testatrix did not include the money she had on hand in banks." That case I decline to follow.
Father Sotis, elsewhere in his will, ordered debts and funeral expenses to be paid "out of any money which I may have on deposit in any bank." He gave his furniture and personal effects to his housekeeper. To the church he gave lands, part conditionally, and if the condition were not met, he directed his executrix to sell "and to forward the proceeds of said sale to my sister, Matilda Sotis, who resides in Italy." Besides the property specifically bequeathed and devised, valued at $675, the priest left bank shares worth $500 and $16,600 money in bank, and nothing else. If complainants' argument is sound, he died intestate as to more than nine-tenths of his estate.
The words used in the fifth paragraph of the will are as broad as possible — "property and estate, real, personal and mixed, of every kind, name, nature and description whatsoever." It is apparent to me that testator meant to include everything, including the money in bank.
The direction to sell and convert is subsidiary; the prime purpose of testator was to give his sister beneficial succession to the property described in the fifth paragraph. A residuary legatee may, in satisfaction of his legacy, consent to accept from the executor assets held by him for conversion under the will. Macy v. Mercantile Trust Co., 68 N.J. Eq. 235, 243. *Page 455 
Despite an imperative direction to sell, the beneficiary has a right to elect to take the property itself. Doyle v. Blake,77 N.J. Eq. 142.
A general direction to sell and pay over proceeds is not uncommon; it may be found in the will considered in Doyle v.Blake, supra. I have not found — except in Huntsville v.Smith, supra, and Andrews v. Sanders (Ga.),197 S.E. Rep. 639, following it — even a suggestion that such a direction excludes from the gift moneys of the testator.
The money in bank was bequeathed to Matilda Sotis.